STATE v. WILLIE POWELL ROBINSON AND JOHN HENRY BENSON.

(Filed 2 June, 1944.)

**1. Criminal Law § 17—**

A plea of guilty, accepted and entered by the court, is a conviction or the equivalent of a conviction of the highest order, the effect of which is to authorize the imposition of the sentence prescribed by law on a verdict of guilty of the crime sufficiently charged in the indictment or information.

**2. Criminal Law § 61e—**

The court is not authorized to inflict punishment beyond the bounds prescribed by the statute under which the warrant or indictment was drawn.

APPEAL by defendants from *Sink, J.,* at January Term, 1944, of FORSYTH.

The defendants were brought to trial before the municipal court of the city of Winston-Salem upon separate warrants, each of which charged that the defendants, "did unlawfully and wilfully promote, set on foot, carry on publicly or privately a certain lottery where a game of chance is played, against the Statute," etc. The defendant Willie Powell Robinson pleaded not guilty but was convicted and sentenced by the recorder to six months in jail to be worked on the roads under control of the State Highway and Public Works Commission. The defendant John Henry Benson entered a plea of *nolo contendere* and was sentenced by the recorder to six months in jail, to be worked on the roads under control of the State Highway and Public Works Commission. From their respective sentences defendants appealed to the Superior Court.

The cases came on for trial at the 10 January Term, 1944, of Superior Court of Forsyth, when and where each of the defendants entered a plea of guilty. Whereupon the court pronounced judgment that the defendant Benson "be confined in the common jail of Forsyth County for a period of twenty (20) months and assigned to work on the public roads under the control and supervision of the State Highway and Public Works Commission," and that the defendant Robinson "be confined in the common jail of Forsyth County for a period of twenty-two (22) months and assigned to work on the public roads of North Carolina under the control and supervision of the State Highway and Public Works Commission."

From the sentences pronounced and judgments entered the defendants appealed to the Supreme Court, assigning errors.

*Attorney-General McMullan. and Assistant Attorneys-General Patton and Rhodes for the State.*

*Phin Horton, Jr., A. B. Cummings, and Richmond Rucker for defendants, appellants.*

SCHENCK, J. It appears that the warrants upon which these defendants were brought to trial are practically in the words of G. S., 14-290, which, in part, reads: "If any person shall open, set on foot, carry on, promote, make or draw, publicly or privately, a lottery, by whatever name, style or title the same may be denominated or known; . . . shall

be guilty of a misdemeanor, and shall be fined not exceeding two thousand dollars or imprisoned not exceeding six months, or both, in the discretion of the Court. . . ."

Since the sentences imposed below of imprisonment of twenty (20) and twenty-two (22) months, respectively, are in excess of the limitation of punishment set forth in the statute, not exceeding six months imprisonment, there were errors in the judgment below.

It is contended on the part of the State that the pleas of guilty entered by the defendants were to the offense delineated in G. S., 14-291 (1), which, in part, reads: "If any person shall sell, barter or cause to be sold or bartered, any ticket, token, certificate or order for any number or shares in any lottery, commonly known as the numbers or butter and egg lottery, or lotteries of similar character, to be drawn or paid within or without the state, such person shall be guilty of a misdemeanor and shall be punished by fine or imprisonment, or both, in the discretion of the court."

The contention of the State cannot be sustained, since the statute upon which it relies inveighs against the selling, bartering, or causing to be sold or bartered, any ticket, token, certificate or order for any number or shares in any lottery," and no such charge is made in the warrant upon which the defendants entered pleas of guilty.

G. S., 14-290, refers to persons who promote, make or draw, publicly or privately, a lottery, by whatever name, while G. S., 14-291 (1), deals only with those persons who shall "sell, barter or cause to be sold or bartered, any ticket, token, certificate or order," etc. Thus it is apparent that the two statutes not only act upon different persons and serve purposes which are not the same but also they deal with different conditions. One inveighs against trafficking in lottery tickets and the other is designed to effect those persons engaged in promoting a particular kind of lottery.

"A plea of guilty, accepted and entered by the court, is a conviction or the equivalent of a conviction of the highest order, the effect of which is to authorize the imposition of the sentence prescribed by law on a verdict of guilty of the *crime sufficiently charged in the indictment or information.*" (Italics ours.) 14 American Jurisprudence, Criminal Law, par. 272, p. 952.

The court was not authorized to inflict punishment beyond the bounds prescribed by the statute under which the warrant was drawn. In entering pleas of guilty the defendants admitted only the acts charged, and can be punished only for such acts.

In view of the errors above indicated, it follows that the cases must be remanded to the Superior Court for judgments within the limitations of

G. S., 14-290, under which the warrants, upon which the pleas were entered, were drawn.

Error and remanded.