STATE OF NORTH CAROLINA v. KEITH WATERS

No. COA95-870

(Filed 21 May 1996)

**Appeal and Error § 75 (NCI4th)— guilty plea—no petition for writ of certiorari—no valid appeal**

Where defendant pled guilty to criminal charges in superior court and did not petition for a writ of certiorari, his notice of appeal was a nullity, and the Court had no jurisdiction over his appeal.

**Am Jur 2d, Appellate Review § 621.**

**Plea of guilty in justice of the peace or similar inferior court as precluding appeal. 42 ALR2d 995.**

Appeal by defendant from judgments entered 16 November 1994 by Judge Robert E. Gaines in Henderson County Superior Court. Heard in the Court of Appeals 16 April 1996.

*Attorney General Michael F. Easley, by Assistant Attorney General D. David Steinbock, for the State.*

*Prince, Youngblood & Massagee, by Sharon Alexander, for defendant-appellant (original attorney James L. Epperson allowed to withdraw by order of this Court).*

PER CURIAM

Defendant pled guilty to three counts of possession of cocaine with intent to sell and deliver, three counts of sale and delivery of cocaine, two counts of resisting a public officer, and one count each of stalking, assault on a female, and assault inflicting serious injury. The offenses were consolidated for judgment and defendant was sentenced to two consecutive ten-year prison terms. Defendant appealed to this Court on the ground of ineffective assistance of counsel. Subsequently, defendant filed with this Court a motion for appropriate relief on the same ground.

With certain exceptions, a defendant who has entered a plea of guilty to a criminal charge in the superior court is not entitled to appellate review as a matter of right but may petition the appellate court for a review by writ of certiorari. N.C. Gen. Stat. § 15A-1444(e) (1988 & Cum. Supp. 1995); *see also State v. Bolinger*, 320 N.C. 596,

STATE FARM MUT. AUTO. INS. CO. v. YOUNG

[122 N.C. App. 505 (1996)]

601, 359 S.E.2d 459, 462 (1987). None of the exceptions stated in the statute applies to defendant here, and he has not petitioned for a writ of certiorari. Because defendant has no appeal as of right, his notice of appeal was a nullity and this Court has no jurisdiction over his appeal. Thus, the appeal must be dismissed. N.C. Gen. Stat. § 15A-1418(a) (1988) provides that a motion for appropriate relief based upon grounds set forth in N.C. Gen. Stat. § 15A-1415 must be made in the appellate division when a case is in that division for appellate review. Because we have determined that defendant's appeal is not properly before this Court, we are without jurisdiction to entertain his motion for appropriate relief, and the motion must be dismissed. This decision in no way prejudices defendant's right under N.C. Gen. Stat. § 15A-1415 (1988 & Cum. Supp. 1995) to file a motion for appropriate relief in the trial court, which is the preferred forum for addressing his claim. See State v. Milano, 297 N.C. 485, 496, 256 S.E.2d 154, 160 (1979) (ineffective representation claim is normally raised in post-conviction proceedings at trial level, where defendant may be granted a hearing on the matter with the opportunity to introduce evidence), overruled on other grounds, State v. Grier, 307 N.C. 628, 300 S.E.2d 351 (1983).

Dismissed.

Panel consisting of: Johnson, Wynn, Walker