STATE OF NORTH CAROLINA v. BRADLEY MONTE BROOKS

No. COA01-586

(Filed 28 December 2001)

### 1. Juveniles— first-degree murder—transfer to superior court

The trial court did not err by concluding the juvenile court's determination that the juvenile petition alleging first-degree murder and the decision to transfer the case to superior court after finding probable cause without a transfer hearing were proper, because: (1) the petition adequately charged the offense in a clear and concise manner and informed the juvenile of the charge against him so he could adequately prepare a defense; (2) if the juvenile needed further clarification on the charge, he could have filed a motion for a bill of particulars under N.C.G.S. § 15A-925; and (3) N.C.G.S. § 7B-2200 requires the district court to transfer the case to superior court upon a finding of probable cause in a Class A felony.

---

STATE v. BROOKS

[148 N.C. App. 191 (2001)]

## 2. Sentencing— aggravated range—clerical error

Although the trial court did not err by sentencing defendant in the aggravated range for second-degree murder, the trial court's order is remanded for correction of a clerical error in the determination section of the Findings of Aggravating and Mitigating Factors form to reflect its conclusion that the aggravating factor outweighed the mitigating factors.

Appeal by defendant from judgment entered 10 January 2001 by Judge Orlando F. Hudson, Jr. in Durham County Superior Court. Heard in the Court of Appeals 24 December 2001.

*Attorney General Roy Cooper, by Assistant Attorney General E. Clementine Peterson, for the State.*

*Brian Michael Aus for defendant-appellant.*

THOMAS, Judge.

Defendant, Bradley Monte Brooks (Brooks), pled guilty to second-degree murder and was sentenced to 165 to 207 months in the North Carolina Department of Corrections. He appeals, arguing two assignments of error.

A juvenile petition alleged that Brooks was "a delinquent juvenile as defined by GS 7B-1501(7) in that in Durham County and on or about Wednesday, January 5, 2000 at approximately 1:32 pm, the above named juvenile unlawfully, willfully, and feloniously with malice and aforethought did kill Vondell Ellerbee. In violation of GS 14-17 Murder." Brooks did not become sixteen years old until 20 January 2000 and therefore, under N.C. Gen. Stat. § 7B-1601(a), original jurisdiction was properly in juvenile court.

At a probable cause hearing on 7 March 2000, the juvenile court found probable cause to believe Brooks committed first-degree murder. The juvenile court then, without holding a transfer hearing under N.C. Gen. Stat. § 7B-2203 (where parties would have the opportunity to present evidence), ordered that the case be transferred to superior court. Brooks appealed the transfer order to superior court. Under section 7B-2603, review by the superior court is only on the record, however, with the standard being abuse of discretion. The superior court does not have jurisdiction to review the findings as to probable cause. N.C. Gen. Stat. § 7B-2603 (1999).

The grand jury indicted Brooks on a charge of first-degree murder on 20 March 2000. The superior court heard and denied Brooks's appeal from the transfer decision on 10 January 2001, approximately ten months after oral notice of appeal was given. Brooks also made a written request for hearing on the appeal on 13 June 2000 and attached a transcript of the 7 March 2000 hearing.

Pursuant to a plea agreement, Brooks then pled guilty to second-degree murder. The trial court found one factor in aggravation and three factors in mitigation. After finding in open court that the aggravating factor outweighed the mitigating factors, the trial court imposed an aggravated sentence of 165 to 207 months imprisonment. While the sentence imposed in the written judgment entered by the trial court conforms with the sentence imposed in open court, the judgment indicates the trial court found that the mitigating factors outweighed the aggravating factor and that a mitigated sentence was justified.

**[1]** By his first assignment of error, Brooks argues the trial court erred by finding no error in the juvenile court's determination that the juvenile petition alleged first-degree murder and in the decision to transfer the case to superior court without a transfer hearing.

After a finding of probable cause, upon proper motion to transfer, the juvenile court is mandated to hold a transfer hearing *unless* transfer is required. N.C. Gen. Stat. § 7B-2202(e) (1999). Transfer is required if the juvenile was thirteen or older at the time the juvenile allegedly committed the offense, probable cause is found, and the alleged offense constitutes a Class A felony. N.C. Gen. Stat. § 7B-2200 (1999). Here, Brooks was fifteen at the time of the alleged offense and the juvenile court found probable cause. Brooks, however, argues that the petition did not allege a Class A felony, and therefore the district court was required to conduct a transfer hearing prior to a transfer. We disagree.

This Court has held that a juvenile petition properly alleged first-degree murder and satisfied the requirements of N.C. Gen. Stat. § 7A-560 (repealed effective 1 July 1999; now N.C. Gen. Stat. § 7B-1802 (1999)) with the following language:

That the juvenile is a delinquent as defined by G.S. 7A-517(12) in that in Durham County and on or about December 30, 1997 the above named juvenile unlawfully, willfully and feloniously did

of malice aforethought kill and murder Tracy Price G.S. 14-17 [Sic].

*In re K.R.B.*, 134 N.C. App. 328, 331-32, 517 S.E.2d 200, 202, *appeal dismissed and review denied*, 351 N.C. 187, 541 S.E.2d 713 (1999). Here, the juvenile petition alleged the following:

> That the juvenile is a delinquent juvenile as defined by GS 7B-1501(7) in that in Durham County and on or about Wednesday, January 5, 2000 at approximately 1:32 pm, the above named juvenile unlawfully, willfully, and feloniously with malice and aforethought did kill Vondell Ellerbee. In violation of GS 14-17 Murder.

Given the substantial similarity of the language here to the petition at issue in *In re K.R.B.*, the petition in this matter, as in *In re K.R.B.*, "adequately charged the offense in a clear and concise manner and informed juvenile of the charge against him so he could adequately prepare a defense. If juvenile needed further clarification on the charge, he could have filed a motion for a bill of particulars pursuant to North Carolina General Statutes section 15A-925 (1997)." *Id.* The petition properly alleged first-degree murder and satisfied the requirements of N.C. Gen. Stat. § 7B-1802.

First-degree murder is a Class A felony. N.C. Gen. Stat. § 14-17 (1999). Again, "[i]f the alleged felony constitutes a Class A felony and the court finds probable cause, the court *shall* transfer the case to the superior court for trial as in the case of adults." N.C. Gen. Stat. § 7B-2200 (emphasis added). Under that circumstance, N.C. Gen. Stat. § 7B-2203 is not applicable. Because N.C. Gen. Stat. § 7B-2200 requires the district court to transfer the case to superior court upon a finding of probable cause in a Class A felony, the superior court properly denied Brooks's appeal from that transfer decision. *See* N.C. Gen. Stat. § 7B-2603 (a) (1999). This assignment of error is therefore overruled.

[2] By his second assignment of error, Brooks argues the trial court erred by sentencing him in the aggravated range of punishment. He argues the judgment contains no findings of factors in aggravation or mitigation, and he further asserts the form containing the findings of aggravating and mitigating factors makes no indication of whether there were aggravating factors. Brooks also notes that although the trial court indicated on the form that the factors in mitigation out-

weighed the factors in aggravation, it imposed a sentence in the aggravated range.

We note that the record before this Court indicates that the judgment does contain findings of factors in aggravation and mitigation. In addition, the Findings of Aggravating and Mitigating Factors form does contain one aggravating factor, that "[t]he defendant joined with more than one other person in committing the offense and was not charged with committing a conspiracy." Brooks's assertions as to the absence of the aforementioned findings are therefore without merit. Our review of the transcript clearly shows the trial court found in open court that the aggravating factor outweighed the mitigating factors and imposed a sentence in the aggravated range for this B2 felony at Brooks's prior record level of I. *See* N.C. Gen. Stat. § 15A-1340.17(c) (1999). The trial court's written judgment contains the same terms of imprisonment.

We therefore remand this matter to the trial court for correction of the clerical error in the determination section of the Findings of Aggravating and Mitigating Factors form to reflect its conclusion that the aggravating factor outweighed the mitigating factors.

NO ERROR; REMANDED FOR CORRECTION OF CLERICAL ERROR.

Judges WYNN and BRYANT concur.