STATE OF NORTH CAROLINA v. STEPHEN McILWAINE

No. COA04-165

(Filed 5 April 2005)

**1. Sentencing— habitual felon—sufficiency of indictment— notice**

An habitual felon indictment was not defective because it alleged that one of the prior felony convictions was for possession with intent to manufacture, sell or deliver a "Schedule I controlled substance" in violation of N.C.G.S. § 90-95 without specifically naming the controlled substance.

**2. Sentencing— prior record level—State's failure to meet burden of proof**

The trial court erred by sentencing defendant as an habitual felon where the State failed to meet its burden of proving defendant's prior record level and defendant is entitled to a new sentencing hearing, because: (1) N.C.G.S. § 15A-1340.14(f) requires the State to prove a felony offender's prior convictions by a preponderance of the evidence and a worksheet prepared and submitted by the State purporting to list a defendant's prior convictions is, without more, insufficient to satisfy the State's burden of establishing proof of prior convictions; (2) even though defendant did not disagree with statements made by the prosecu-

tor or the trial court as to his prior convictions, defendant did not clearly stipulate to his prior convictions and the State provided no other proof of prior convictions; and (3) although the trial court misstated defendant's prior record level as "VI" both in open court and in his written judgment, the sentence imposed was actually a record level IV and within the presumptive range, and this clerical error should be corrected on remand.

### 3. Constitutional Law— Habitual Felon Act—separation of powers—double jeopardy—cruel and unusual punishment

Although defendant raises three constitutional issues on appeal including that the trial court committed plain error by sentencing him as an habitual felon when it violates the separation of powers clause, it subjects him to double jeopardy, and it constitutes cruel and unusual punishment, these assignments of error are dismissed because: (1) defendant failed to raise these issues at trial; (2) our Court of Appeals has previously held the Habitual Felon Act is not violative of the Separation of Powers Clause; (3) our Court of Appeals has previously held that there is no double jeopardy infirmity inherent in the Habitual Felon Act as applied in conjunction with the Structured Sentencing Act; and (4) both our Court of Appeals and Supreme Court have rejected constitutional challenges to the Habitual Felon Act based on allegations of cruel and unusual punishment.

Appeal by defendant from a judgment filed 12 August 2003 by Judge Yvonne M. Evans in Mecklenburg County Superior Court. Heard in the Court of Appeals 21 October 2004.

*Attorney General Roy Cooper, by Assistant Attorney General Robert C. Montgomery, for the State.*

*Attorney James N. Freeman, Jr. for defendant-appellant.*

BRYANT, Judge.

Stephen McIlwaine (defendant) appeals a judgment filed 12 August 2003 sentencing him to 107 to 138 months imprisonment for felonious failure to appear enhanced by habitual felon status.

On 19 February 2003, defendant, after appearing for trial on charges including felony possession with intent to sell or deliver cocaine, left the courtroom after a pretrial motion was denied and never returned. The trial court issued an order for arrest and on 24

STATE v. McILWAINE

[169 N.C. App. 397 (2005)]

June 2003, defendant was indicted for failure to appear on a felony. Defendant had previously been indicted for habitual felon status.

The case came for trial on 11 August 2003 in Mecklenburg County Superior Court, the Honorable Yvonne M. Evans presiding. Following presentation of evidence a jury found defendant guilty of felonious failure to appear. After the presentation of additional evidence, the jury found defendant had attained habitual felon status. Defendant appeals.

---

The issues to be considered on appeal are whether the trial court erred by: (I) sentencing defendant as an habitual felon based on a defective indictment, (II) sentencing defendant to 107 to 138 months imprisonment where the State failed to prove defendant's prior record level, and (III) sentencing defendant as an habitual felon in violation of certain constitutional provisions.

I

[1] Defendant first argues the trial court was without jurisdiction to sentence him as an habitual felon because the habitual felon indictment was defective on its face.

An habitual felon is "[a]ny person who has been convicted of or pled guilty to three felony offenses in any federal court or [S]tate court in the United States . . . ." N.C. Gen. Stat. § 14-7.1 (2003). "N.C.G.S. § 14-7.3 requires the State to allege all the elements of the offense of being a[n] habitual felon thereby providing a defendant with sufficient notice that he is being tried as a recidivist to enable him to prepare an adequate defense to that charge." *State v. Cheek*, 339 N.C. 725, 729, 453 S.E.2d 862, 864 (1995). "A[n] habitual felon indictment is not required to specifically refer to the predicate substantive felony." *Id.* at 727, 453 S.E.2d at 863.

In this case, the habitual felon indictment alleged that defendant had been previously convicted of three felonies including "the felony of possession with intent to manufacture, sell or deliver [S]chedule I controlled substance, in violation of N.C.G.S. [§] 90-95." Defendant contends that because the specific name of the controlled substance was not alleged in the indictment, the indictment was not sufficient to charge habitual felon. We disagree.

The habitual felon indictment clearly alleged defendant had three prior felony convictions. *See State v. Briggs*, 137 N.C. App. 125, 130-31, 526 S.E.2d 678, 681-82 (2000) (holding habitual felon indict-

ment was sufficient where it alleged the defendant had a prior conviction for "felony breaking and entering buildings in violation of N.C. Gen. Stat. § 14-54 (1999)[,]" even though it did not allege the felony which the defendant intended to commit when he broke and entered). In the case *sub judice*, the habitual felon indictment alleging a prior conviction for felony possession with intent to manufacture, sell, or deliver a Schedule I controlled substance, in addition to two other felony convictions, was sufficient notice under our statutory and case law. Moreover, because there was no defect in the indictment, the trial court had jurisdiction to sentence defendant as an habitual felon. This assignment of error is overruled.

II

**[2]** Defendant next argues the trial court erred in sentencing him because the State failed to meet its burden of proving defendant's prior record level.

N.C. Gen. Stat. § 15A-1340.14(f) requires the State to prove a felony offender's prior convictions by preponderance of the evidence. The methods the State may use to prove prior convictions and prior record level are:

(1) Stipulation of the parties.

(2) An original or copy of the court record of the prior conviction.

(3) A copy of records maintained by the Division of Criminal Information, the Division of Motor Vehicles, or of the Administrative Office of the Courts.

(4) Any other method found by the court to be reliable.

N.C.G.S. § 15A-1340.14(f) (2003).

During sentencing, the State bears the burden of proving defendant's prior convictions by a preponderance of the evidence. *State v. Bartley*, 156 N.C. App. 490, 501, 577 S.E.2d 319, 326 (2003). Those prior convictions can be proved in several ways, including by "[s]tipulation of the parties" and by "[a]ny other method found by the court to be reliable." *See* N.C.G.S. § 15A-1340.14(f) (2003).

"[A] worksheet, prepared and submitted by the State, purporting to list a defendant's prior convictions is, without more, insufficient to satisfy the State's burden in establishing proof of prior convictions." *State v. Eubanks*, 151 N.C. App. 499, 505, 565 S.E.2d 738, 742 (2002). "A statement by the State that an offender has . . . points, and thus is

a [certain] record level, . . . if only supported by a prior record level worksheet, is not sufficient to meet the catchall provision found in N.C.G.S. § 15A-1340.14(f)(4), even if uncontested by defendant." *State v. Riley*, 159 N.C. App. 546, 557, 583 S.E.2d 379, 387 (2003) (citing *State v. Mack*, 87 N.C. App. 24, 34, 359 S.E.2d 485, 491 (1987)); *see State v. Hanton*, 140 N.C. App. 679, 690, 540 S.E.2d 376, 383 (2000).

After the jury returned guilty verdicts in this case, the trial court proceeded to sentencing:

> THE COURT: [Prosecutor], anything you would like to say about sentencing?
>
> [PROSECUTOR]: Your Honor, [defense counsel] and I—actually the last time [defendant] was going to possibly plead, so we did discuss what the sentence would be, the level, if he was convicted of Habitual Felon Status. We found that, and I'll hand up the [worksheet]. May I approach?
>
> THE COURT: Um-hmm.
>
> [PROSECUTOR]: We looked it over, and the ones that I've checked off on the left, left side, those were the ones that were used in the Habitual Felon Indictment. The rest of the charges are the ones we would be using for the sentencing on the C Level. That would make him **C, Level IV**, after our discussions about the cases, and what the points that we [use] as evidence to those individual cases.
>
> THE COURT: Okay.
>
> [PROSECUTOR]: Like I said, a **C Level IV**, I don't have any argument as to the low end of the presumptive or the high end. I would ask the Court to hold him to the presumptive range.
>
> THE COURT: Okay. [defense counsel].
>
> [DEFENSE COUNSEL]: And Your Honor, the only thing I would say on behalf of [defendant], is that I would ask you to sentence him to the low end of the presumptive. That's still a lot of time for this charge.

The trial court then stated:

> THE COURT: All right. In case number 2003-CRS-39291, the defendant, Stephen McIlwaine, had been convicted by the jury of the Class I Felony of Failure to Appear on Felony Charge. With

respect to that, he has 20 points, and is a **Prior Record Level VI.** In case number 2002-CRS-78785, he's been found to have the status of Habitual Felon by the jury. And the [c]ourt adjudges him to be an Habitual Felon, and to be sentenced as a Class C felon. I will sentence him in the presumptive range to a minimum of 107 and maximum of 138 months in the custody of the Department of Corrections.

(emphasis added).

During sentencing the trial court misstated defendant's prior record level as "VI" both in open court and in his written judgment. However, the sentence imposed, 107 to 138 months, was actually a record level IV and within the presumptive range. This amounts to a clerical error that should be corrected on remand. *See State v. Brooks*, 148 N.C. App. 191, 195, 557 S.E.2d 195, 197-98 (2001) (remand to trial court for correction of clerical error in sentencing proper).

Also during the sentencing hearing, the prosecutor made an unchallenged statement that he and defendant's counsel had discussed defendant's prior convictions and prior record level. After stating defendant had a prior record level IV based on the worksheet, the prosecutor informed the trial court the State was requesting a presumptive sentence within prior record level IV. In response, the defendant's attorney sought to have the trial court sentence defendant to the low end of the presumptive range. The State urges that counsel's statement under these circumstances can reasonably be construed as an admission by defendant of a prior record level IV. Were nothing else appearing we might agree with the State's assertion. However, our sentencing statute has been interpreted quite narrowly and our courts have consistently granted new sentencing hearings under facts similar to those in the instant case. *See State v. Jeffrey*, 167 N.C. App. 575, 605 S.E.2d 672 (2004); *State v. Spellman*, 167 N.C. App. 374, 605 S.E.2d 696 (2004); *State v. Riley*, 159 N.C. App. 546, 583 S.E.2d 379 (2003); *State v. Bartley*, 156 N.C. App. 490, 577 S.E.2d 319 (2003). Even though defendant did not disagree with statements made by the prosecutor or the trial court as to his prior convictions, defendant did not clearly stipulate to his prior convictions and the State provided no other proof of prior convictions. *Jeffrey*, 167 N.C. App. at 582, 605 S.E.2d at 676 (holding the defendant was entitled to new sentencing hearing since the State only introduced the defendant's worksheet without other evidence and the defendant did not stipulate to a prior record level). "An unsupported

STATE v. McILWAINE

[169 N.C. App. 397 (2005)]

statement by the State that an offender has [a certain record level] even if uncontested, does not rise to the level sufficient to meet [the requirements of the statute]. *Riley*, 159 N.C. App. at 557, 583 S.E.2d at 387.

Therefore the State failed to meet its burden of proving defendant's prior record level, and defendant is entitled to a new sentencing hearing.

### III

**[3]** In defendant's remaining assignments of error, he raises three constitutional issues, none of which were raised at trial. Defendant argues the trial court committed plain error in sentencing him as an habitual felon because: (1) it violates the separation of powers clause, (2) it subjects him to double jeopardy and (3) it constitutes cruel and unusual punishment.

"[A] constitutional question which is not raised and passed upon in the trial court will not ordinarily be considered on appeal." *State v. Benson*, 323 N.C. 318, 322, 372, S.E.2d 517, 519 (1988) (quotations omitted). Defendant admits he raises these issues for preservation purposes. Nevertheless, we note that this Court has previously held the Habitual Felon Act is not violative of the Separation of Powers Clause. *See State v. Williams*, 149 N.C. App. 795, 802, 561 S.E.2d 925, 929 (2002) (rejecting separation of powers argument). As for double jeopardy defendant acknowledges this Court has held there is no double jeopardy infirmity inherent in the Habitual Felon Act as applied in conjunction with the Structured Sentencing Act. *See State v. Brown*, 146 N.C. App. 299, 302, 552 S.E.2d 234, 236, (2001) (holding "the Habitual Felons Act used in conjunction with structured sentencing [does] not violate . . . double jeopardy protections). Finally, both this Court and our Supreme Court have rejected constitutional challenges to the Habitual Felon Act based on allegations of cruel and unusual punishment. *See State. v. Todd*, 313 N.C. 110, 118-19, 326 S.E.2d 249, 253-55 (1985); *State v. Dammons*, 159 N.C. App. 284, 298, 583 S.E.2d 606, 615, *disc. rev. denied*, 357 N.C. 579, 589 S.E.2d 133 (2003), *cert. denied*, —— U.S. ——, 158 L. Ed. 2d 382 (2004). Defendant's arguments are without merit.

No error at trial. Remand for new sentencing hearing.

Judges TYSON and LEVINSON concur.