STATE OF NORTH CAROLINA v. OTRELL DESHONE EVANS

No. COA06-1283

(Filed 17 July 2007)

**Appeal and Error— appealability—transfer of juvenile's case to superior court—guilty plea—absence of jurisdiction**

Although defendant contends the trial court erred in a second-degree murder and assault with a deadly weapon with intent to kill case by automatically transferring defendant's case from district court to superior court for trial as an adult, the merits of this issue are not reached based on lack of jurisdiction, because: (1) defendant's appeal following his guilty plea does not fall within any of the categories of appeal permitted under N.C.G.S. § 15A-1444; (2) defendant has not petitioned for a writ of certio-

rari; and (3) N.C.G.S. § 7B-2603(d) does not establish an exception to N.C.G.S. § 15A-1444(e).

Judge LEVINSON dissenting.

Appeal by Defendant from judgment dated 6 October 2005 and oral order rendered 6 October 2005 by Judge Paul L. Jones in Superior Court, Lenoir County. Heard in the Court of Appeals 25 April 2007.

*Attorney General Roy Cooper, by Assistant Attorney General Robert M. Curran, for the State.*

*Charlotte Gail Blake for Defendant-Appellant.*

McGEE, Judge.

Otrell Deshone Evans (Defendant) was charged with first-degree murder, assault with a deadly weapon with intent to kill, and possession of a handgun by a minor. Defendant was fifteen years old at the time. The District Court held a probable cause hearing on 22 March 2005 and found probable cause that Defendant committed the offenses with which he was charged, one of which was a Class A felony.

Defendant filed a "motion against juvenile being transferred and tried as an adult" on 22 March 2005. Defendant argued that N.C. Gen. Stat. § 7B-2200 was unconstitutional. N.C. Gen. Stat. § 7B-2200 provides:

> After notice, hearing, and a finding of probable cause the court may, upon motion of the prosecutor or the juvenile's attorney or upon its own motion, transfer jurisdiction over a juvenile to superior court if the juvenile was 13 years of age or older at the time the juvenile allegedly committed an offense that would be a felony if committed by an adult. *If the alleged felony constitutes a Class A felony and the court finds probable cause, the court shall transfer the case to the superior court for trial as in the case of adults.*

N.C. Gen. Stat. § 7B-2200 (2005) (emphasis added). At the conclusion of the 22 March 2005 hearing, the District Court stated that it would "find that [it was] mandated by [N.C. Gen. Stat. §] 7B-2200 to transfer this case to Superior Court for trial as an adult." The District Court then stated that all of the charges against Defendant would "be transferred to Superior Court for trial by this order today." In

open court, Defendant's counsel appealed this decision to the Superior Court.

Subsequently, on 13 July 2005, Defendant was indicted in Superior Court on charges of first-degree murder and assault with a deadly weapon with intent to kill. Defendant filed a motion and brief on 6 October 2005 requesting that he not be tried as an adult in Superior Court. Defendant specifically incorporated in this motion and brief his prior motion and brief filed in District Court on 22 March 2005, which had also requested that he not be transferred and tried as an adult. The Superior Court held a hearing on Defendant's motion and stated: "[I]n compliance with the law the Court hereby affirms the District Court finding and the Court ORDERS this case continue in Superior Court for the crime of first-degree murder as well as the other charge with it." Defendant's counsel excepted and objected to this decision. However, the record on appeal does not contain any written order denying Defendant's motion.

Defendant pleaded guilty on 22 March 2006 to second-degree murder and assault with a deadly weapon with intent to kill. Defendant attempted to preserve the right to appeal issues related to his transfer from District Court to Superior Court for trial as an adult. At the conclusion of the plea hearing, the Superior Court delayed sentencing.

The Superior Court held a sentencing hearing on 25 May 2006. In open court, the Superior Court sentenced Defendant to a mitigated term of 112 months to 144 months in prison, and Defendant gave oral notice of appeal.

Defendant argues that the automatic transfer of his case to Superior Court upon a finding of probable cause violated his federal and state constitutional rights to due process and equal protection. However, we do not reach the merits of Defendant's appeal. " 'In North Carolina, a defendant's right to appeal in a criminal proceeding is purely a creation of state statute.' " *State v. Jamerson*, 161 N.C. App. 527, 528, 588 S.E.2d 545, 546 (2003) (quoting *State v. Pimental*, 153 N.C. App. 69, 72, 568 S.E.2d 867, 869, *disc. review denied*, 356 N.C. 442, 573 S.E.2d 163 (2002)). Pursuant to N.C. Gen. Stat. § 15A-1444(e) (2005):

> Except as provided in subsections (a1) and (a2) of this section and G.S. 15A-979, and except when a motion to withdraw a plea of guilty or no contest has been denied, the defendant is not en-

titled to appellate review as a matter of right when he has entered a plea of guilty or no contest to a criminal charge in the superior court, but he may petition the appellate division for review by writ of certiorari.

Our Court has recognized that pursuant to N.C. Gen. Stat. § 15A-1444 (2005),

> a defendant who has pled guilty has only the right to appeal the following issues: (1) whether the sentence is supported by the evidence (if the minimum term of imprisonment does not fall within the presumptive range); (2) whether the sentence results from an incorrect finding of the defendant's prior record level under N.C. Gen. Stat. § 15A-1340.14 or the defendant's prior conviction level under N.C. Gen. Stat. § 15A-1340.21; (3) whether the sentence constitutes a type of sentence not authorized by N.C. Gen. Stat. § 15A-1340.17 or § 15A-1340.23 for the defendant's class of offense and prior record or conviction level; (4) whether the trial court improperly denied the defendant's motion to suppress; and (5) whether the trial court improperly denied the defendant's motion to withdraw his guilty plea.

*State v. Carter*, 167 N.C. App. 582, 584, 605 S.E.2d 676, 678 (2004). In the present case, Defendant's appeal following his guilty plea does not fall within any of the categories of appeal permitted under the statute. Moreover, Defendant has not petitioned for a writ of certiorari. Therefore, we lack jurisdiction to consider Defendant's appeal and we dismiss his appeal. *See State v. Waters*, 122 N.C. App. 504, 504-05, 470 S.E.2d 545, 546 (1996) (holding that this Court lacked jurisdiction to review the defendant's appeal where none of the exceptions in N.C.G.S. § 15A-1444 applied and the defendant did not file a petition for writ of certiorari).

The dissent relies upon N.C. Gen. Stat. § 7B-2603(d) to argue that Defendant has a right to appeal the transfer decision after his plea of guilty in Superior Court. N.C. Gen. Stat. § 7B-2603(d) (2005) provides: "The superior court order [upholding the transfer decision] shall be an interlocutory order, and the issue of transfer may be appealed to the Court of Appeals only after the juvenile has been convicted in superior court." The dissent argues that this section does not limit the term "convicted" to circumstances where a defendant has been convicted by a jury and, therefore, a defendant has a right to appeal a transfer decision even after a plea of guilty. We disagree.

It is true that the term "conviction" includes a plea of guilty accepted and entered by a court. *See State v. Robinson*, 224 N.C. 412, 414, 30 S.E.2d 320, 321 (1944) (citation omitted) (recognizing that " '[a] plea of guilty, accepted and entered by the court, is a conviction or the equivalent of a conviction of the highest order, the effect of which is to authorize the imposition of the sentence prescribed by law on a verdict of guilty of the *crime sufficiently charged in the indictment or information.*' ").

However, we do not interpret N.C.G.S. § 7B-2603(d) as establishing an exception to N.C.G.S. § 15A-1444(e). Although N.C.G.S. § 7B-2603(d) uses the term "convicted," it does not specifically address a situation where a defendant has pleaded guilty. In contrast, one of the stated exceptions listed under N.C.G.S. § 15A-1444(e), which deals with the right to appeal decisions regarding motions to suppress, does specifically address this situation. *See* N.C. Gen. Stat. § 15A-979 (2005). N.C. Gen. Stat. § 15A-979(b) specifically provides: "An order finally denying a motion to suppress evidence may be reviewed upon an appeal from a judgment of conviction, *including a judgment entered upon a plea of guilty.*" N.C. Gen. Stat. § 15A-979(b) (2005) (emphasis added). We find it significant that the General Assembly included the clarification that the term "conviction" used in this section includes a judgment entered upon a plea of guilty. By contrast, the General Assembly did not use this phraseology in N.C.G.S. § 7B-2603(d). We hold that the applicable statute determining Defendant's right to appeal is N.C.G.S. § 15A-1444. Under N.C.G.S. § 15A-1444, Defendant has no right to appeal a transfer decision upon a plea of guilty. Therefore, we hold that Defendant does not have the right to appeal his transfer decision after pleading guilty in Superior Court. It is the role of the General Assembly to determine statutory rights of criminal defendants to appeal a transfer decision after pleading guilty in Superior Court. Without an amendment to N.C.G.S. § 15A-1444 providing for such an appeal, we are without jurisdiction to hear the case presently before us and must dismiss this appeal.

Dismissed.

Judge JACKSON concurs.

Judge LEVINSON dissents with a separate opinion.

Judge Levinson dissented in this opinion prior to 7 July 2007.

BARRIER GEOTECHNICAL CONTR'RS, INC. v. RADFORD QUARRIES OF BOONE, INC.

[184 N.C. App. 741 (2007)]

LEVINSON, Judge dissenting.

Consistent with the specific, express allowance found in N.C. Gen. Stat. § 7B-2603(d) (2005), the defendant has a right to appeal the transfer decision. This is, in fact, the necessary application of this Court's decision in *State v. Brooks*, 148 N.C. App. 191, 557 S.E.2d 195 (2001).

As a part of the transfer order by the district court, the trial court necessarily rejected defendant's constitutional challenge to the transfer statute. Defendant has taken appeal from a final judgment—the one as regards his conviction for second degree murder—and, as a part of his appeal, he may challenge the transfer order from the district court. Section 7B-2603(d) does not limit the term "convicted" to circumstances where defendant was convicted by jury; it therefore includes circumstances, like these, where defendant was "convicted" by virtue of his guilty plea in superior court.

I would reach the merits of this appeal and conclude that the requirement that juveniles be transferred to superior court where there is probable cause to believe they committed a Class A felony offense does not run afoul of the Constitution.