STATE OF NORTH CAROLINA
v.
ERIC LAMONT GEORGE, Defendant.
No. COA07-387
Court of Appeals of North Carolina.
Filed November 6, 2007
This case not for publication
Attorney General Roy Cooper, by Special Deputy Attorney General I. Faison Hicks, for the State.
Paul F. Herzog, for defendant-appellant.
ELMORE, Judge.
Eric Lamont George (defendant) was convicted of possession with intent to sell or deliver cocaine, and sale or delivery of cocaine. The jury also determined defendant had achieved habitual felon status, and the trial court sentenced defendant to an active sentence of 107 to 138 months' imprisonment. From these judgments, defendant now appeals. We find no error.
The State's evidence tends to show: on the morning of 18 October 2005, auxiliary police officer Robert Roetger was working undercover in a targeted area of Wilmington. Roetger's aim was to attempt to purchase narcotics. As he drove down a street in the "8th and Queen" area, defendant flagged him down. Roetger stopped and told defendant that he was looking for a "twenty," meaning twenty dollars' worth of crack cocaine. As Roetger was getting his money from his pocket, defendant told him to hurry up because children were on their way to school and he shouldn't be out selling drugs at that time. Defendant handed Roetger a rock of cocaine and Roetger paid defendant. The entire transaction lasted approximately thirty seconds. As Roetger pulled away, he gave a description of defendant over an audio wire to nearby police officers, who apprehended defendant within about a minute of receiving the description. No money or drugs were found on defendant's person. Roetger identified defendant as the man from whom he purchased drugs on that day. Defendant did not offer any evidence at trial.
Defendant assigns as error the admission of testimony regarding the reputation of the neighborhood where the drug transaction took place. He contends that the evidence constituted inadmissible hearsay and should have been excluded. He further argues that statements regarding school children being in the area were unnecessarily inflammatory and prejudiced his defense. We disagree.
Lieutenant Allsbrook testified as follows regarding the drug operation in the 8th and Queen neighborhood: "We were responding to  we have several open air drug markets in the city of Wilmington, and we get a lot of complaints from citizens around Wilmington about drug sales on street corners. This particular operation we had done in the early morning because that's, according to the complaint from the citizens, when the drug sales are most prevalent." The operation was named "rise and shine" because it took place in the early morning, when citizens complained the transactions were taking place, "particularly when the school kids were getting ready to go to school." Officer Roetger also testified that he had been contacted by Lieutenant Allsbrook, who "had had complaints about hand-to-hand drug activity and prostitution" in the 8th and Queen area "occurring in the morning hours when children were going to school and the parents were upset about that." Other police officers who testified made similar statements.
Defendant did not object to this evidence at trial. Therefore, we review the admission of the challenged testimony for plain error. State v. Bishop, 346 N.C. 365, 385, 488 S.E.2d 769, 779 (1997). Under plain error review, defendant has the burden of showing that "a different result probably would have been reached but for the error" at trial or that "the error was so fundamental as to result in a miscarriage of justice or denial of a fair trial." Id.
Ordinarily, evidence of the reputation of a home or neighborhood in a criminal case is inadmissible hearsay. State v. Weldon, 314 N.C. 401, 408, 333 S.E.2d 701, 705 (1985). Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." N.C. Gen. Stat. § 8C-1, Rule 801(c) (2005). Rule 802 provides that hearsay is inadmissible "except as provided by statute or by these rules." N.C. Gen. Stat. § 8C-1, Rule 802 (2005). Statements offered as proof of something other than the truth of the matter asserted thus do not constitute hearsay. See State v. Ligon, 332 N.C. 224, 235-36, 420 S.E.2d 136, 142-43 (1992) (holding that testimony that the area where a shooting took place had a reputation as a place where drugs were bought and sold was not hearsay because it was offered to show why defendant went to that location).
We find that the statements defendant now challenges were offered for the purpose of explaining why the undercover operation was carried out at that particular time of day and in that particular area. Thus, the statements do not constitute hearsay and they were therefore properly admitted. Even assuming arguendo that the statements did constitute hearsay, Officer Roetger testified that defendant told him to hurry up because he shouldn't be dealing drugs in front of school children. Also, defense counsel elicited testimony on cross-examination regarding the reputation of the neighborhood for criminal and drug activity. "Erroneous admission of evidence may be harmless where there is an abundance of other competent evidence to support the [S]tate's primary contentions, . . . where there is overwhelming evidence of defendant's guilt," or "where defendant elicits similar testimony on cross-examination." Weldon, 314 N.C. at 411, 333 S.E.2d at 707 (citations omitted). Therefore, even assuming error in this case, such error is harmless. Defendant further contends that the statements about criminal activity taking place in the presence of school children was so inflammatory as to be unfairly prejudicial. He argues that it therefore should have been excluded pursuant to Rule 403 of our Rules of Evidence. We disagree.
Evidence otherwise found to be relevant may nonetheless be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice." N.C. Gen. Stat. § 8C-1, Rule 403 (2005). These statements were not so prejudicial as to require their exclusion at trial. Moreover, defendant has failed to show that but for this error the result of his trial likely would have been different. Defendant did not present any evidence to contradict the evidence of his guilt; indeed, he elicited corroborating testimony on cross-examination. We thus find defendant has failed to meet his burden of showing that the trial court committed plain error.
Finally, we note that defendant included a second assignment of error challenging the constitutionality of his sentence, an issue he concedes in his brief has already been decided conclusively by this Court in State v. McIlwaine, 169 N.C. App. 397, 610 S.E.2d 399 (2005), and similar cases. Defendant admits he has raised the issue for preservation purposes only. We therefore need not address it.
Accordingly, we find no error where defendant has failed to demonstrate that the trial court committed plain error by allowing the admission of the challenged testimony. No error.
Judges WYNN and BRYANT concur.
Report per Rule 30(e).