STATE v. NORMAN

[202 N.C. App. 329 (2010)]

STATE OF NORTH CAROLINA v. HOSEA NORMAN

No. COA09-564

(Filed 2 February 2010)

**Appeal and Error— results of post-conviction DNA testing— no right of appeal**

Defendant's appeal from an order denying him relief following a hearing on the results of postconviction DNA testing was dismissed even though the DNA results neither conclusively identified nor excluded defendant because defendant had no right of appeal from the trial court's ruling. N.C.G.S. § 15A-270.1 limits appeals to the denial of testing, and not the denial of relief after testing.

Appeal by Defendant from judgment entered 12 December 2008 by Judge Yvonne Mims Evans in Mecklenburg County Superior Court. Heard in the Court of Appeals 15 October 2009.

*Attorney General Roy Cooper, by Assistant Attorney General Amy Kunstling Irene, for the State.*

*Mark Montgomery, for Defendant.*

BEASLEY, Judge.

Defendant (Hosea Norman) appeals from an order denying him relief, following a hearing on the results of post-conviction DNA testing. We dismiss Defendant's appeal.

In 1989 Defendant was tried on two counts of crime against nature, two counts of first-degree sexual offense, and two counts of first-degree kidnapping. The evidence tended to show that:

two young boys informed a patrol officer that the defendant had forced them at gunpoint to walk into a wooded area and to commit certain sexual acts. The boys identified the defendant by name as the perpetrator, and stated that they knew him from their neighborhood. . . . [T]he boys alleged that the defendant repeatedly sodomized them and forced one of them to engage in an act of oral sex with the defendant.

*State v. Norman*, 100 N.C. App. 660, 662, 397 S.E.2d 647, 648 (1990). Defendant was convicted of one count of crime against nature, two counts of first-degree sexual offense, and two counts of first-degree kidnapping. The trial court sentenced Defendant to life imprison-

ment for the two convictions of first-degree sexual offense, a consecutive term of three years for crime against nature, and arrested judgment on the kidnapping convictions. Defendant appealed and, in *State v. Norman*, this Court concluded that there was no error in his convictions.

In April 2007, Defendant filed a motion for post-conviction DNA testing, pursuant to N.C. Gen. Stat. § 15A-269. In May, 2007, the trial court appointed counsel for Defendant and ordered defense counsel to "determine if he/she finds grounds to request post-conviction DNA testing under [N.C. Gen. Stat.] § 15A-269." In September 2007, Defendant filed a motion for post-conviction DNA testing, seeking DNA testing of pubic hair samples and semen from anal swabs taken during investigation of the case. Defendant's motion was granted[1] and testing was performed by the Charlotte-Mecklenburg Police Department (CMPD). On 1 February 2008 the trial court entered an order stating that the results of this testing had been "minimal due to degraded samples" and ordering additional testing using a "new technology[.]" The additional testing was performed by Laboratory Corporation of America (LabCorp), which later reported that its "attempts to isolate DNA . . . failed to yield sufficient quantities to develop a [DNA] profile that meets reporting standards for comparison purposes[.]"

Under N.C. Gen. Stat. § 15A-270(a) (2009), "upon receiving the results of the DNA testing conducted under G.S. 15A-269, the court shall conduct a hearing to evaluate the results and to determine if the results are unfavorable or favorable to the defendant." Such a hearing was conducted on 12 December 2008, before Judge Yvonne Evans. A CMPD employee testified that CMPD tested slides made from anal smears. Testing confirmed the presence of spermatozoa on the slide. DNA analysis showed a mixture of DNA from at least two individuals. The DNA analysis neither identified Defendant as the source of the DNA profile, nor excluded Defendant as a possible contributor of the DNA profile. Instead, testing showed that:

> the Combined Probability of Inclusion, or the expected frequency of individuals who could contribute to a portion of the mixture . . . is approximately 1 in 8 for Caucasions, 1 in 5 for African-Americans,[2] and 1 in 7 for Hispanics.

---

1. A copy of the order granting Defendant's motion for DNA testing is not included in the Record.

2. The judgment entered upon Defendant's 1989 convictions indicates that Defendant is African-American.

Following the hearing, the trial court entered an order on 12 December 2008, ruling in relevant part that:

> The court reviewed the DNA test results and considered the testimony provided by an expert witness from the [CMPD]. The test results do not exclude Defendant as the perpetrator of these crimes. Therefore the Court concludes pursuant to N.C. Gen. Stat. § 15A-270(b) that the DNA testing results are unfavorable to Defendant and his motion is denied.

From this order, Defendant has appealed.

Defendant argues on appeal that the trial court erred by ruling that the DNA test results were unfavorable, on the grounds that the trial court erroneously defined "favorable" DNA testing results as only those results that definitively excluded defendant as the source of the DNA. In the instant case, the DNA results neither conclusively identified Defendant nor conclusively ruled him out. Defendant argues that the DNA test results, indicating that twenty percent of the African-American population might have been the source of the DNA profile, were favorable to Defendant.

N.C. Gen. Stat. § 15A-270 (2009) provides in pertinent part that, following a hearing to evaluate the results of DNA testing:

(b) If the results of DNA testing conducted under this section are unfavorable to the defendant, the court shall dismiss the motion[.]

(c) If the results of DNA testing conducted under this section are favorable to the defendant, the court shall enter any order that serves the interests of justice, including an order that does any of the following:

(1) Vacates and sets aside the judgment.

(2) Discharges the defendant, if the defendant is in custody.

(3) Resentences the defendant.

(4) Grants a new trial.

We note that the statute does not define a standard for the determination of whether DNA results are "favorable" or "unfavorable." Nor does the statute provide any guidance for the trial court in a case such as this one, where the results fail to conclusively identify or exclude a defendant as the source of DNA. Further, it is unclear what

"motion" the court is to "dismiss," inasmuch as the hearing conducted under N.C. Gen. Stat. § 15A-270 presupposes that a defendant's motion for DNA testing has been granted. However, we do not reach the merits of Defendant's appeal, because we conclude that Defendant has no right of appeal from the trial court's ruling.

" 'In North Carolina, a defendant's right to appeal in a criminal proceeding is purely a creation of state statute.' " *State v. Evans*, 184 N.C. App. 736, 738, 646 S.E.2d 859, 860 (2007) (quoting *State v. Jamerson*, 161 N.C. App. 527, 528, 588 S.E.2d 545, 546 (2003)) (internal citation omitted). "Our state Constitution mandates that the General Assembly prescribe by general law the scope of the jurisdiction of the Court of Appeals. N.C. Const. art. IV, § 12. Therefore, 'appeal[s] can be taken only from such judgments and orders as are designated by the statute regulating the right of appeal.' " *State v. Hooper*, 358 N.C. 122, 124, 591 S.E.2d 514, 515-16 (2004) (quoting *Veazey v. City of Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950)). "Generally, there is no right to appeal in a criminal case except from a conviction or upon a plea of guilty." *State v. Shoff*, 118 N.C. App. 724, 725, 456 S.E.2d 875, 876 (1995).

In *State v. Brown*, 170 N.C. App. 601, 613 S.E.2d 284 (2005), this Court held that a defendant has no right to appeal from the denial of his motion to seek post-conviction DNA testing. The General Assembly thereafter enacted N.C. Gen. Stat. § 15A-270.1, "Right to appeal denial of defendant's motion for DNA testing," effective 1 March 2008, which provides that a "defendant may appeal an order denying the defendant's motion for DNA testing under this Article, including by an interlocutory appeal." Defendant does not appeal from an order denying his motion for DNA testing, but from an order denying relief following a hearing to evaluate the test results. If the legislature intended to provide a right to appeal from the trial court's ruling on the results of DNA testing, we presume that it would have stated as such. *See, e.g., Sara Lee Corp. v. Carter*, 351 N.C. 27, 35, 519 S.E.2d 308, 315 (1999) ("Had the legislature intended [a certain procedure] it would have said so; 'the absence of any express intent and the strained interpretation necessary to reach the result urged upon us by [defendant] indicate that such was not [the legislature's] intent.' ") (quoting *Sheffield v. Consolidated Foods Corp.*, 302 N.C. 403, 425, 276 S.E.2d 422, 436 (1981)).

On 17 June 2009 the State filed a motion to dismiss Defendant's appeal. In his response to the State's motion, Defendant concedes that "[a] literal reading of the statute [N.C. Gen. Stat. § 15A-270.1]

would seem to limit appeals to the denial of testing, not the denial of relief after testing." Defendant contends that "[i]t is cold comfort indeed for a defendant to have the right to be heard . . . after the denial of testing but not be heard at all . . . if an individual Superior Court judge denies relief." We recognize Defendant's frustration and we acknowledge the lack of proper guidance in the statute itself. However, "[t]he General Assembly simply has not provided for appeals from [a court's ruling under § 15A-270] and under those circumstances, harsh as the result may seem, we must hold that [this Court is] without subject matter jurisdiction to entertain [Defendant's] appeal[.]" *Palmer v. Wilkins, Com'r of Motor Vehicles*, 73 N.C. App. 171, 173, 325 S.E.2d 697, 698 (1985).

Defendant argues that this Court has the authority to review the merits of his appeal by issuing a writ of *certiorari*. We disagree. In *Bailey v. State*, 353 N.C. 142, 540 S.E.2d 313 (2000), the appellant urged the Supreme Court of North Carolina to issue a writ of *certiorari* where no appeal was permitted. The Court held:

> Rule 21 provides that a writ of *certiorari* may be issued to permit review of trial court orders under three circumstances: (1) when the right to an appeal has been lost by failure to take timely action, (2) when no right of appeal from an interlocutory order exists, or (3) when a trial court has denied a motion for appropriate relief. N.C. R. App. P. 21(a). Here, we have no interlocutory order or motion for appropriate relief to consider. Moreover, as it has been determined that the [appellant] has no right to an appeal . . . no such right could be lost by a failure to take timely action. Therefore, no circumstances exist that would permit the Court to issue a writ of certiorari pursuant to Rule 21.

*Id.* at 157, 540 S.E.2d at 322. Defendant also asks this Court to exercise our discretion under N.C. R. App. P. 2 to entertain his appeal. Rule 2 provides:

> To prevent manifest injustice to a party, . . . either court of the appellate division may, except as otherwise expressly provided in these rules, suspend or vary the requirements or provisions of any of these rules in a case pending before it upon application of a party or upon its own initiative, and may order proceedings in accordance with its directions.

However, "suspension of the appellate rules under Rule 2 is not permitted for jurisdictional concerns." *Bailey*, 353 N.C. at 157, 540 S.E.2d

N.C. CONCRETE FINISHERS, INC. v. N.C. FARM BUREAU MUT. INS. CO.

[202 N.C. App. 334 (2010)]

at 323 (citations omitted). *See also* N.C.R. App. 1(b) (Rules of Appellate Procedure "shall not be construed to extend or limit the jurisdiction of the courts of the appellate division as that is established by law"). "We are therefore without authority to suspend our Appellate Rules pursuant to Rule 2 in order to entertain defendant's appeal that is not properly before this Court." *State v. Wilson*, 151 N.C. App. 219, 224, 565 S.E.2d 223, 227 (2002). However, the Supreme Court of North Carolina has held:

> this court is authorized to issue "any remedial writs necessary to give it general supervision and control over the proceedings of the other courts" of the state. N.C. Constitution, Article IV, Section 12 (1). . . . [T]his court will not hesitate to exercise its general supervisory authority when necessary to promote the expeditious administration of justice.

*In re Brownlee*, 301 N.C. 532, 547-48, 272 S.E.2d 861, 870 (1981) (citation omitted). We conclude that there is no right of appeal from the trial court's denial of relief following post-conviction DNA testing, and that Defendant's appeal must be

Dismissed.

Judges STEPHENS and STROUD concur.