An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1367

NORTH CAROLINA COURT OF APPEALS

Filed: 15 July 2014

STATE OF NORTH CAROLINA

v.                                     Sampson County
                                       No. 10 CRS 50722
JONATHAN CONLANGES BOYKIN


Appeal by defendant from judgment entered 23 July 2013 by Judge Arnold Jones in Sampson County Superior Court. Heard in the Court of Appeals 17 March 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Erin O. Scott, for the State.*

> *James F. Hedgpeth, Jr., for defendant-appellant.*


CALABRIA, Judge.


Jonathan Conlanges Boykin ("defendant") appeals from a judgment entered upon jury verdicts finding him guilty of felony speeding to elude arrest; resisting, delaying and obstructing a public officer ("RDO"); driving while license revoked ("DWLR"); possession of an open container of alcohol in the passenger area of a vehicle; careless and reckless driving; failure to heed light or siren; and improper passing and speeding in excess of

fifty-five miles per hour outside corporate limits. We find no error.

## I. Background

Around midnight on 12 April 2010, Master Deputy Patrick Dunn ("Master Deputy Dunn") of the Sampson County Sheriff's Office was on patrol in Roseboro, North Carolina when he observed a Jeep Cherokee ("the vehicle") drive into the parking lot of a Scotchman Gas Station on Highway 24. Defendant exited the driver's side, pumped gas, and entered the convenience store while a passenger remained in the vehicle.

Master Deputy Dunn recognized defendant because the area was well lit and he was familiar with defendant from previous encounters. He checked defendant's driver's license to see if it was suspended. According to the Department of Motor Vehicles ("DMV"), the vehicle was registered to defendant's mother at the same residential address listed on defendant's suspended license.

After defendant re-entered the driver's side of the vehicle, he proceeded north on Highway 242. Master Deputy Dunn drove behind the vehicle, then activated his lights and siren to initiate a traffic stop. Defendant accelerated the vehicle, reaching speeds over 105 miles per hour. Defendant pulled over

on two separate occasions. When Master Deputy Dunn asked defendant to exit the vehicle, defendant continued to flee. Defendant eventually stopped the vehicle, fled on foot, and eluded Master Deputy Dunn by climbing over a barbed wire fence.

Defendant was subsequently arrested and charged with felony speeding to elude arrest and RDO. At trial, the court admitted defendant's driving record into evidence and published it to the jury without objection. The jury returned a verdict finding defendant guilty of all offenses. At sentencing, the State provided both the court and defendant with copies of defendant's prior record level worksheet, records maintained by the Division of Criminal Information ("DCI"), and defendant's local record. Defendant did not object to the admission of these documents.

The trial court sentenced defendant to a minimum of thirteen months and a maximum of sixteen months in the custody of the North Carolina Division of Adult Correction for the felony speeding to elude arrest offense. The trial court arrested judgment for all other offenses. Defendant appeals.

## II. Defendant's Driving Record

Defendant argues that the trial court erred in admitting his partially redacted driving record into evidence because defendant did not testify and evidence of his prior convictions

was not admissible under either Rule 404(b) or Rule 609 of the North Carolina Rules of Evidence. However, since defendant failed to object to the admission and publication of his driving record, he did not properly preserve this issue for appeal.

N.C. Gen. Stat. § 8C-1, Rule 404(b) (2013) permits evidence of another offense to be admitted as long as it is relevant to any fact or issue other than the character of the accused. *State v. Scott*, 343 N.C. 313, 330, 471 S.E.2d 605, 615 (1996). Evidentiary errors that are not objected to at trial are reviewed for plain error. *Id*. at 332, 471 S.E.2d at 616. If a defendant does not object at trial or allege plain error, then he has failed to properly preserve the issue for appeal. *Id*.

In the instant case, although defendant argued in his brief that the standard of review for this issue is *de novo*, he failed to allege plain error. Therefore, defendant has failed to properly preserve this issue for appeal. *Id*.

### III. Evidence of Prior Convictions

Defendant also argues that the trial court erred in sentencing him as a Prior Record Level V offender without first requiring the State to carry its burden of proof as to his criminal history. We disagree.

At a sentencing hearing, the State must prove a felony offender's prior convictions by a preponderance of the evidence. *State v. McIlwaine*, 169 N.C. App. 397, 400, 610 S.E.2d 399, 401 (2005). N.C. Gen. Stat. § 15A-1340.14(f) (2013) provides that a prior conviction shall be proved either by stipulation of the parties; an original copy of the court record for the prior conviction; a copy of records maintained by DCI, the DMV, or the Administrative Office of the Courts; or any other method the court finds reliable. "This court reviews the calculation of a prior record level *de novo*." *State v. Boyd*, 207 N.C. App. 632, 642, 701 S.E.2d 255, 261 (2010) (citation omitted).

Defendant cites *State v. McIlwaine* to support his contention that the State presented insufficient proof of his prior record. In *McIlwaine*, the State presented no evidence to support the defendant's prior record level worksheet, and the defendant failed to object. 169 N.C. App. at 402-03, 610 S.E.2d at 403. The trial court sentenced the defendant based solely on the prior record level worksheet that was presented by the State. *Id*. This Court held that the defendant was entitled to a new sentencing hearing because the defendant's failure to object did not constitute a stipulation to his prior convictions, and

the State provided no other proof of the defendant's prior convictions. *Id.*

In the instant case, defendant is correct that his own failure to object does not constitute a stipulation to the prior record level worksheet. However, the State presented copies of local records and records maintained by DCI as well as defendant's prior record level worksheet. Because the State presented additional evidence of defendant's prior convictions pursuant to N.C. Gen. Stat. § 15A-1340.14(f), the State carried its burden of proof as to defendant's criminal history. Therefore, the trial court properly sentenced defendant as a Prior Record Level V offender.

## IV. Conclusion

Defendant failed to properly preserve his ability to appeal the admission of his driving record at trial and failed to allege plain error. In addition, the State proved defendant's prior record by a preponderance of the evidence by presenting both DCI and local records to support defendant's prior record level worksheet. Therefore, the defendant was properly sentenced. We find no error.

No error.

Chief Judge MARTIN and Judge McGEE concur.

Report per Rule 30(e).