STATE OF NORTH CAROLINA v. KEITH LEE JAMERSON

No. COA02-1682

(Filed 2 December 2003)

**Appeal and Error— appealability—guilty plea—habitual felon indictment**

Defendant's appeal from his sentence for possession of cocaine after a guilty plea and from the habitual felon indictment, allegedly being attached to a misdemeanor instead of a felony, is dismissed without prejudice to his right to file a motion for appropriate relief under N.C.G.S. § 15A-1413, because: (1) defendant does not have a right of appeal when neither argument is presented in conjunction with the denial of a motion to withdraw a guilty plea or a motion to suppress evidence as required by N.C.G.S. §§ 15A-1444(e) and 15A-979(b); (2) neither challenges the sufficiency of the evidence as required by N.C.G.S. § 15A-1444(a1); (3) defendant did not assert the trial court improperly applied the sentencing statutes under N.C.G.S. §§ 15A-1340.14, 15A-1340.17, 15A-1340.21, or 15A-1340.23; and (4) the Court of Appeals is without authority to issue a writ of certiorari.

Appeal by defendant from judgment entered 14 August 2002 by Judge James M. Webb in Moore County Superior Court. Heard in the Court of Appeals 16 October 2003.

*Attorney General Roy Cooper, by Assistant Attorney General Kathleen U. Baldwin, for the State.*

*Bruce T. Cunningham, Jr., for defendant-appellee.*

CALABRIA, Judge.

Keith Lee Jamerson ("defendant") pled guilty to possession of cocaine and to attaining the status of habitual felon. Defendant appeals asserting the sentence of 80 to 105 months imprisonment violated his constitutional protection against cruel and unusual punishment. Defendant also asserts the trial court erred in failing to dismiss the habitual felon indictment on the ground that "N.C. Gen. Stat. § 14-7.6 provides that to be indicted as an Habitual Felon a defendant must 'commit a felony' " and possession of cocaine is a misdemeanor.

The preliminary issue is whether this Court has the authority to hear defendant's appeal. "In North Carolina, a defendant's right to appeal in a criminal proceeding is purely a creation of state statute. Furthermore, there is no federal constitutional right obligating courts to hear appeals in criminal proceedings." *State v. Pimental*, 153 N.C. App. 69, 72, 568 S.E.2d 867, 869 (2002).

A defendant who pleads guilty has a right of appeal limited to the following:

1. Whether the sentence "is supported by the evidence." This issue is appealable only if his minimum term of imprisonment does not fall within the presumptive range. N.C. Gen. Stat. § 15A-1444(a1) (2001);

2. Whether the sentence "[r]esults from an incorrect finding of the defendant's prior record level under G.S. 15A-1340.14 or the defendant's prior conviction level under G.S. 15A-1340.21." N.C. Gen. Stat. § 15A-1444(a2)(1) (2001);

3. Whether the sentence "[c]ontains a type of sentence disposition that is not authorized by G.S. 15A-1340.17 or G.S. 15A-1340.23 for the defendant's class of offense and prior record or conviction level." N.C. Gen. Stat. § 15A-1444(a2)(2) (2001);

4. Whether the sentence "[c]ontains a term of imprisonment that is for a duration not authorized by G.S. 15A-1340.17 or G.S. 15A-1340.23 for the defendant's class of offense and prior record or conviction level." N.C. Gen. Stat. § 15A-1444(a2)(3) (2001);

5. Whether the trial court improperly denied defendant's motion to suppress. N.C. Gen. Stat. §§ 15A-979(b) (2001), 15A-1444(e) (2001);

6. Whether the trial court improperly denied defendant's motion to withdraw his guilty plea. N.C. Gen. Stat. § 15A-1444(e).

Defendant's assertions on appeal, that his sentence violates his constitutional protection against cruel and unusual punishment, and that the habitual felon indictment was improper because the substantive crime to which it attached was a misdemeanor not a felony, are not issues for which defendant has an appeal of right. Neither argument is presented in conjunction with the denial of a motion to withdraw a guilty plea or a motion to suppress evidence. N.C. Gen. Stat. §§ 15A-1444(e), 15A-979(b). Additionally, neither challenges the sufficiency of the evidence. N.C. Gen. Stat. § 15A-1444(a1). Finally, defendant does not assert the trial court improperly applied the following sentencing statutes: N.C. Gen. Stat. §§ 15A-1340.14, 15A-1340.17, 15A-1340.21, 15A-1340.23. Therefore, defendant does not have an appeal of right to this Court.

Where a defendant does not have an appeal of right, our statute provides for defendant to seek appellate review by a petition for writ of certiorari. N.C. Gen. Stat. § 15A-1444(e). However, our appellate rules limit our ability to grant petitions for writ of certiorari to the following situations: (1) defendant lost his right to appeal by failing to take timely action; (2) the appeal is interlocutory; or (3) to review a trial court's denial of a motion for appropriate relief. N.C.R. App. P. 21(a)(1) (2003). In considering appellate Rule 21 and N.C. Gen. Stat. § 15A-1444, this Court has reasoned that since the appellate rules prevail over conflicting statutes, we are without authority to issue a writ of certiorari except as provided in Rule 21. *State v. Nance*, 155 N.C. App. 773, 574 S.E.2d 692 (2003); *Pimental*, 153 N.C. App. at 73-74, 568 S.E.2d at 870; *State v. Dickson*, 151 N.C. App. 136, 564 S.E.2d 640 (2002). Accordingly, we are without authority to review either by right or by certiorari the trial court's denial of defendant's motion to dismiss the habitual felon indictment or defendant's assertion the judgment violates his constitutional rights.

Without an appeal of right or the authority to grant certiorari, this Court may not consider the arguments asserted by defendant. Although defendant's assertion that the habitual felon indictment was improperly attached to a misdemeanor is of jurisdictional concern, our Supreme Court has explained that "[w]hile it is true that a defendant may challenge the jurisdiction of a trial court, such challenge may be made in the appellate division only if and when the case is properly pending before the appellate division." *State v. Absher*, 329 N.C. 264, 265 & n.1, 404 S.E.2d 848, 849 & n.1 (1991). Moreover, the Court

held defendant's purported appeal must be dismissed. *Id.*, 329 N.C. at 265, 404 S.E.2d at 849. Accordingly, we must dismiss defendant's appeal.

However, we note, defendant is not without relief. Defendant may seek post-trial relief through a motion for appropriate relief. N.C. Gen. Stat. § 15A-1411 thru -1422. Such relief must be sought in the trial court, under N.C. Gen. Stat. § 15A-1413, since the appellate courts may rule on such a motion under N.C. Gen. Stat. § 15A-1418 only when the defendant has either an appeal of right or a properly pending petition for a writ of certiorari. *State v. Waters*, 122 N.C. App. 504, 470 S.E.2d 545 (1996). *See State v. Hawkins*, 110 N.C. App. 837, 431 S.E.2d 503 (1993) (holding a defendant who pled guilty may not appeal asserting his indictment was facially invalid, rather his remedy lies with a motion for appropriate relief). Accordingly, we dismiss defendant's appeal without prejudice to defendant's right to file a motion for appropriate relief.

Dismissed.

Judges McGEE and HUDSON concur.