GEER, Judge.
Defendant William Jackson Ore, Jr. purports to appeal from his guilty plea, contending that the trial court lacked jurisdiction because the indictments against him were facially invalid. Alternatively, defendant asks this Court to deem his appeal a petition for writ of certiorari. The State has filed a motion to dismiss defendant's appeal. Because defendant has no right to appeal and because this Court lacks authority to allow a petitionfor writ of certiorari, we grant the State's motion to dismiss.
Defendant was indicted on 12 May 2003 for multiple charges of breaking or entering, larceny, larceny after breaking or entering, and possession of stolen property. On 21 May 2003, defendant pled guilty, pursuant to a plea agreement, to two counts of larceny, nine counts of larceny after breaking or entering, and nine counts of breaking or entering. The trial court consolidated the charges into ten separate judgments. Under each of the ten judgments, defendant received a sentence in the mitigated range of eight months to ten months with the sentences to run consecutively.
Following sentencing, defendant advised the trial court that he wished to give notice of appeal. Defendant explained that a detective had promised to try to have his charges consolidated into four felonies if defendant cooperated, but the district attorney, despite defendant's cooperation, had refused to do so. The State offered to allow defendant to withdraw his guilty plea, but indicated that it would then indict defendant as a habitual felon. Defendant did not, however, seek to withdraw his plea and the trial court noted defendant's appeal for the record. On 14 November 2003, the State filed a motion to dismiss defendant's appeal, to which defendant has not responded.
"In North Carolina, a defendant's right to appeal in a criminal proceeding is purely a creation of state statute." Statev. Pimental, 153 N.C. App. 69, 72, 568 S.E.2d 867, 869, disc. review denied, 356 N.C. 442, 573 S.E.2d 163 (2002). Under N.C. Gen. Stat. § 15A-1444 (2003), a defendant who has pled guilty has a right to appeal only the following issues: (1) whether the sentence is supported by the evidence (if the minimum term of imprisonment does not fall within the presumptive range); (2) whether the sentence results from an incorrect finding of the defendant's prior record level under N.C. Gen. Stat. § 15A-1340.14 or the defendant's prior conviction level under N.C. Gen. Stat. § 15A-1340.21; (3) whether the sentence contains a type of sentence not authorized by N.C. Gen. Stat. § 15A-1340.17 or § 15A-1340.23 for the defendant's class of offense and prior record or conviction level; (4) whether the trial court improperly denied the defendant's motion to suppress; and (5) whether the trial court improperly denied the defendant's motion to withdraw his guilty plea. State v. Jamerson, 161 N.C. App. 527, 528-29, 588 S.E.2d 545, 546-47 (2003). Defendant's appeal in this case does not fall within any of these categories.
Defendant bases his right to appeal on the principle that a lack of jurisdiction may be raised at any time. The Supreme Court rejected this argument in State v. Absher, 329 N.C. 264, 265 n.1, 404 S.E.2d 848, 849 n.1 (1991): "While it is true that a defendant may challenge the jurisdiction of a trial court, such challenge maybe made in the appellate division only if and when the case is properly pending before the appellate division." In Jamerson, this Court held that Absher required dismissal of an appeal asserting a lack of jurisdiction in the trial court when that argument did not fall within N.C. Gen. Stat. § 15A-1444 and was not an appeal "presented in conjunction with the denial of a motion to withdraw a guilty plea or a motion to suppress evidence." Jamerson, 161 N.C. App. at 529, 588 S.E.2d at 547. Compare State v. Jones, 161 N.C. App. 60, 64, 588 S.E.2d 5, 9 (2003) ("Although our power to consider jurisdiction is limited to those cases properly pending before the Court, we may consider the issue here because defendant has a right to appeal his motion to suppress."), rev'd on other grounds, 358 N.C. 473, 598 S.E.2d 125 (2004).
Alternatively, defendant requests that the Court review his assignments of error pursuant to a writ of certiorari. This Court, in Pimental, however, held that under Rule 21 of the Rules of Appellate Procedure, a petition for writ of certiorari may be allowed only in limited circumstances:
While N.C.G.S. § 15A-1444(e) allows a defendant to petition for writ of certiorari after entering a guilty plea, this Court is limited to issuing a writ of certiorari "in appropriate circumstances . . . to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action, or when no right of appeal from aninterlocutory order exists, or for review pursuant to G.S. 15A-1422(c)(3) of an order of the trial court denying a motion for appropriate relief."
Pimental, 153 N.C. App. at 76-77, 568 S.E.2d at 872 (quoting N.C.R. App. P. 21(a)(1)). Defendant in this case has not failed to take timely action, is not attempting to appeal from an interlocutory order, and is not seeking review of an order of the trial court denying a motion for appropriate relief. Accordingly, this Court does not have authority to issue a writ of certiorari and defendant's appeal must be dismissed. See also Jamerson, 161 N.C. App. at 529, 588 S.E.2d at 547 ("In considering appellate Rule 21 and N.C. Gen. Stat. § 15A-1444, this Court has reasoned that since the appellate rules prevail over conflicting statutes, we are without authority to issue a writ of certiorari except as provided in Rule 21.").
Defendant is not without an avenue for remedy, however. N.C. Gen. Stat. § 15A-1415(b)(2) (2003) permits a defendant to assert in a motion for appropriate relief that the trial court lacked jurisdiction over the person of the defendant or over the subject matter of the proceedings. Relief must be sought in the trial court since, under N.C. Gen. Stat. § 15A-1418, the appellate courts may rule on such a motion only when the defendant has either an appeal of right or a properly pending petition for writ ofcertiorari. Jamerson, 161 N.C. App. at 530, 588 S.E.2d at 547. We therefore dismiss defendant's appeal without prejudice to defendant's right to file a motion for appropriate relief.
Dismissed.
Judges BRYANT and ELMORE concur.
Report per Rule 30(e).