McCULLOUGH, Judge.
Defendant pled guilty to two counts of common law robbery, two counts of robbery with a dangerous weapon, and one count each of malicious conduct by a prisoner and habitual felon status. The court consolidated the offenses and sentenced defendant within the mitigated range to an active term of a minimum of 110 months and a maximum of 141 months.
Stating he has been unable to find possible prejudicial error to support an appeal, defendant's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738, 18 L. Ed. 2d 493, reh'g denied, 388 U.S. 924, 18 L. Ed. 2d 1377 (1967), and State v. Kinch, 314 N.C. 99, 331 S.E.2d 665 (1985). Counsel has attached to the brief a copy of a letter that he wrote to defendant advising defendant of his inability to find error and of defendant's right to file his own written arguments. Counsel provided defendant with a copy of the record on appeal and the transcript. Defendant has not filed his own written arguments.
When a defendant pleads guilty, he limits his right of appeal to the following issues: (1) whether the sentence is supported by the evidence but only if the minimum term of imprisonment does not fall within the presumptive range; (2) whether the sentence results from an incorrect finding of the defendant's prior record level or the defendant's prior conviction level; (3) whether the sentence contains a type of sentence disposition that is not authorized for the defendant's class of offense and prior record or conviction level; (4) whether the sentence contains a term of imprisonment that is for a duration not authorized for the defendant's class of offense and prior record or conviction level; (5) whether the trial court improperly denied the defendant's motion to suppress; and (6) whether the trial court improperly denied the defendant's motion to withdraw his guilty plea. State v. Jamerson, 161 N.C. App. 527, 528-29, 588 S.E.2d 545, 546-47 (2003).
Counsel has noted three possible errors in the brief he filed on defendant's behalf: (1) the judgment incorrectly states that defendant has eighteen prior record level points when the parties stipulated that he has sixteen points; (2) the judgment fails to contain a finding that the mitigating factors outweighed the aggravating factors; and (3) a variance exists between the name of the victim stated by the prosecutor in summarizing the factual basis for an offense and the name stated in the indictment charging that particular offense. Of those three issues, only the first is within the scope of defendant's right of appeal. Counsel concedes that the error was not prejudicial because the prior record level remains the same regardless of whether defendant has sixteen or eighteen points.
After carefully reviewing the record for other possible errors within defendant's right of appeal, we are unable to find possible prejudicial error to support a meaningful appeal. In accordance with Anders, we dismiss the appeal.
Dismissed.
Chief Judge MARTIN and Judge CALABRIA concur.
Report per Rule 30(e).