STATE OF NORTH CAROLINA
v.
CHRISTOPHER JAMES GILLIAM.
No. COA06-951
Court of Appeals of North Carolina.
Filed February 6, 2007
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Elizabeth N. Strickland, for the State.
Jarvis John Edgerton, IV for the defendant-appellant.
MARTIN, Chief Judge.
Defendant Christopher James Gilliam purports to appeal from his guilty plea, contending that the trial court lacked jurisdiction due to invalid indictments. Defendant has filed both an appeal and a motion for appropriate relief in this Court seeking review of his conviction. The State has filed a motion to dismiss defendant's appeal to which defendant has not responded. Because defendant has no right to appeal, we grant the State's motion to dismiss. Furthermore, the dismissal of defendant's appeal precludes this Court's review of his motion for appropriate relief which is also dismissed.
On 6 March 2006, defendant pled guilty to charges of resisting a public officer, possession of stolen goods, three counts of breaking and entering, two counts of larceny of personal property after breaking and entering, and two counts of larceny of a motor vehicle. The trial court imposed a sentence in the presumptive range of 24 to 32 months active imprisonment and 24 to 32 months suspended sentence with 48 months supervised probation. Defendant made no objections at the time of his sentencing or after the sentence was imposed.
A defendant's right to appeal in a criminal proceeding is derived from state statute. State v. Pimental, 153 N.C. App. 69, 72, 568 S.E.2d 867, 869, disc. review denied, 356 N.C. 442, 573 S.E.2d 163 (2002). Because defendant pled guilty, the issues he may appeal are limited by N.C. Gen. Stat. § 15A-1444 to the following: (1) whether a sentence with a minimum duration that falls outside of the statutory presumptive range is supported by the evidence; (2) whether the sentence results from an incorrect finding of the defendant's prior record level under N.C. Gen. Stat. § 15A-1340.14 or the defendant's prior conviction level under N.C. Gen. Stat. § 15A-1340.21; (3) whether the sentence is of a type or duration not authorized by N.C. Gen. Stat. § 15A-1340.17 or § 15A-1340.23 for the defendant's class of offense and prior record or conviction level; (4) whether the trial court improperly denied the defendant's motion to suppress; and (5) whether the trial court improperly denied the defendant's motion to withdraw his guilty plea. State v. Jamerson, 161 N.C. App. 527, 528-29, 588 S.E.2d 545, 546-47 (2003).
Defendant argues two assignments of error in his appeal. First, he asserts that the trial court should have arrested judgment on one of the larceny charges because the goods taken were part of a single larceny transaction covered by one of the other larceny judgments. His second assignment of error is that the trial court should have arrested the judgment for possession of stolen goods because one of the larceny judgments related to the same goods. Defendant asserts that he has a right to appeal these two assignments of error pursuant to N.C. Gen. Stat. § 15A-1444(a2)(3) because the trial court's error resulted in "a term of imprisonment that is for a duration not authorized by G.S. 15A-1340.17 or G.S. 15A-1340.23 for the defendant's class of offense and prior record or conviction level." Defendant, in essence, asserts that the trial court's failure to arrest judgement on these two counts resulted in a sentence of an improper duration. We disagree with defendant's interpretation of N.C. Gen. Stat. § 15A-1444(a2)(3).
Neither of defendant's assignments of error relate to whether or not the trial court assigned the statutorily proper duration to the class of offense for which defendant pled guilty. Rather, his arguments relate to whether the convictions themselves should stand. In other words, the legal support for defendant's arguments do not involve the application of N.C. Gen. Stat. § 15A-1340.17 or § 15A-1340.23. Defendant does not assert that the sentences imposed for these two convictions were incorrect under the sentencing statute for the class of offense or his prior record level. Consequently, we conclude that defendant has no statutory right to appeal, and the State's motion to dismiss is allowed.
In addition to his appeal, defendant has filed in this Court a motion for appropriate relief asserting the same arguments he raises in his appeal. While under N.C. Gen. Stat. § 15A-1418 we are permitted to rule on such a motion, such a ruling is only allowed where the defendant has either an appeal or a petition for writ of certiorari properly pending before this Court. Jamerson, 161 N.C. App. at 530, 588 S.E.2d at 547. Having concluded that defendant's appeal is not proper and because defendant has not filed a petition for a writ of certiorari, this Court has no authority to review the defendant's motion for appropriate relief. However, while we must dismiss defendant's motion, we do so without prejudice to defendant's right to refile the motion in the superior court pursuant to N.C. Gen. Stat. § 15A-1420(b1).
Dismissed.
Judges McGEE and HUNTER concur.
Report per Rule 30(e).