STATE OF NORTH CAROLINA
v.
CHARLES FRANKLIN HORNE.
No. COA07-65
Court of Appeals of North Carolina.
Filed August 21, 2007
This case not for publication
Attorney General Roy A. Cooper, III, by Assistant Attorney General Thomas G. Meacham, Jr., for the State.
McAfee Law, P.A., by Robert J. McAfee, for defendant-appellant.
Charles F. Horne, pro se, defendant-appellant.
JACKSON, Judge.
Pursuant to a plea agreement, Charles Franklin Horne ("defendant") pled guilty to attempted first-degree murder on 10 July 2006. The trial court determined defendant had thirteen prior record level points and was a prior record level IV for sentencing purposes. The trial court sentenced defendant to 251 to 311 months imprisonment, which is within the presumptive range for a Class Bfelony at a prior record level IV. Defendant appeals from his guilty plea and sentence imposed.
Defendant's appellate counsel states that he "is unable to identify an issue with sufficient merit to support a meaningful argument for relief on appeal" and asks this Court to review the record for possible prejudicial error. Counsel has shown to the satisfaction of this Court that he has complied with the requirements of Anders v. California, 386 U.S. 738, 18 L. Ed. 2d 493, reh'g denied, 388 U.S. 924, 18 L. Ed. 2d 1377 (1967), and State v. Kinch, 314 N.C. 99, 331 S.E.2d 665 (1985). By letter dated 6 April 2007, defendant's counsel advised defendant of his right to file written arguments with this Court and provided him with the necessary documents to do so. On 30 April 2007, defendant filed written arguments with this Court.
Pursuant to Anders and Kinch, we must fully examine the record to determine whether any issues of arguable merit appear therefrom or whether the appeal is wholly frivolous. At the outset we note that because defendant pled guilty and was sentenced within the presumptive range, defendant's appeal is limited. Specifically, pursuant to North Carolina General Statutes, section 15A-1444 (2006), a defendant who has pled guilty has a right to appeal only the following issues: (1) whether the sentence is supported by the evidence (if the minimum term of imprisonment does not fall within the presumptive range); (2) whether the sentence results from an incorrect finding of the defendant's prior record level under section 15A-1340.14 or the defendant's prior conviction level under section 15A-1340.21; (3) whether the sentence contains a type of sentence not authorized by sections 15A-1340.17 or 15A-1340.23 for the defendant's class of offense and prior record or conviction level; (4) whether the sentence contains a term of imprisonment that is for a duration not authorized by sections 15A-1340.17 or 15A-1340.23 for the defendant's class of offense and prior record or conviction level under section 15A-1444(a2)(3); (5) whether the trial court improperly denied the defendant's motion to suppress; or (6) whether the trial court improperly denied the defendant's motion to withdraw his guilty plea. State v. Jamerson, 161 N.C. App. 527, 528-29, 588 S.E.2d 545, 546-47 (2003). In accordance with Anders, we have conducted our own examination of the record for possible prejudicial error under North Carolina General Statutes, section 15A-1444 and have found none.
In his pro se arguments, defendant only asserts that his guilty plea is unconstitutional because he received ineffective assistance of counsel, and he was untruthful in his colloquy regarding his education level and understanding of the proceedings. Defendant's pro se arguments do not fall within any of the categories set forth above and therefore are outside this Court's limited review. Accordingly, we dismiss defendant's pro se arguments.
No error.
Chief Judge MARTIN and Judge CALABRIA concur.
Report per Rule 30(e).