STATE OF NORTH CAROLINA
v.
JERRY DALE DUANE.
No. COA08-141
Court of Appeals of North Carolina
Filed August 19, 2008
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Chris Z. Sinha, for the State.
Anne Bleyman, for defendant-appellant.
WYNN, Judge.
Upon a review of an appeal pursuant to Anders v. California, 386 U.S. 738, 744, 18 L. Ed. 2d 493, 498, reh'g denied, 388 U.S. 924, 18 L. Ed. 2d 1377 (1967) and State v. Kinch, 314 N.C. 99, 331 S.E.2d 665 (1985), we may grant counsel's request to withdraw and dismiss the appeal, or proceed to a decision on the merits, if state law so requires. Here, because we agree with defense counsel that the record discloses no prejudicial error, we dismiss Defendant Jerry Dale Duane's appeal.
Defendant was charged with statutory rape of a person thirteen, fourteen, or fifteen years old and statutory sex offense with a person thirteen, fourteen, or fifteen years old, both Class B1 felonies. On 4 October 2007, Defendant pled guilty to these charges pursuant to a plea agreement. The plea agreement also provided that the State would dismiss pending charges of indecent liberties, misdemeanor larceny, larceny of a firearm, and possession of stolen goods. The State agreed to consolidate the two B1 offenses and allowed Defendant to present evidence of mitigating factors. Defendant stipulated to a prior record level of III based on eight points, and the State provided a factual basis for the plea.
The trial court accepted the plea, heard Defendant's evidence on mitigation, and consolidated the two offenses for judgment. According to the terms set forth in the plea agreement, Defendant was sentenced to one active term of a minimum of 300 months to a maximum of 369 months in prison, which is within the presumptive range for Defendant's prior record level, conviction level, and class of offense. In her brief, Defendant's appellate counsel states that despite careful and repeated review of the record in this case, she is "unable to find any non-frivolous issue to be raised in this appeal." She requests this Court conduct an independent examination of the record for possible error.
In accordance with the holdings of Anders, 386 U.S. 738, 18 L. Ed. 2d 493 and Kinch, 314 N.C. 99, 331 S.E.2d 665, counsel wrote to Defendant on 6 March 2008, advising Defendant of appellate counsel's inability to find error, of counsel's request for this Court to conduct an independent review of the record, and of Defendant's right to file his own arguments directly with this Court. Counsel attached a copy of the record, the plea and sentencing transcript, and the brief filed by counsel to the letter. Defendant has not filed his own written arguments. We are satisfied that counsel has complied with the requirements of Anders and Kinch.
At the outset, we note that Defendant's appeal is limited because he pled guilty and was sentenced within the presumptive range. Thus, Defendant may appeal only the following issues: (1) whether the sentence imposed is supported by the evidence (if the minimum term of imprisonment does not fall within the presumptive range); (2) whether the sentence imposed results from an incorrect finding of Defendant's prior record level pursuant to N.C. Gen. Stat. § 15A-1340.14 or Defendant's prior conviction level under N.C. Gen. Stat. § 15A-1340.21; (3) whether the sentence imposed constitutes a type of sentence not authorized by N.C. Gen. Stat. § 15A-1340.17 or N.C. Gen. Stat. § 15A-1340.23 for Defendant's class of offense and prior record or conviction level; (4) whether the trial court improperly denied Defendant's motion to suppress pursuant to N.C. Gen. Stat. 15A-979(b); and (5) whether the trial court improperly denied Defendant's motion to withdraw his guilty plea. N.C. Gen. Stat. § 15A-1444 (2007); see also State v. Jamerson, 161 N.C. App. 527, 528-29, 588 S.E.2d 545, 546-47 (2003).
Pursuant to Anders and Kinch, therefore, we must fully examine the record for possible prejudicial error under N.C. Gen. Stat. § 15A-1444. Appellate counsel has specifically directed our review to whether (I) the warrant for arrest, indictment, or charging instruments were defective, such that the trial court did not have jurisdiction over Defendant; (II) the trial court erred and abused its discretion by accepting Defendant's guilty plea; and (III) the trial court erred and abused its discretion in determining Defendant's sentence. As we previously observed, Defendant was sentenced in the presumptive range for his convictions and prior record level. Likewise, we find no error in the determination of that prior record level, nor do we find any error in the charging instruments or acceptance of Defendant's guilty plea.
Accordingly, following careful review of the record, we find no prejudicial error in Defendant's judgment and commitment pursuant to N.C. Gen. Stat. § 15A-1444.
No error.
Judges ELMORE and GEER concur.
Report per Rule 30(e).