STATE OF NORTH CAROLINA
v.
WILLIAM KAREEM SHORT
No. COA08-1022
Court of Appeals of North Carolina
Filed May 5, 2009
This case not for publication
Attorney General Roy A. Cooper, III, by Assistant Attorney General Mary S. Mercer, for the State.
Betsy J. Wolfenden, for defendant.
JACKSON, Judge.
William Kareem Short ("defendant") was charged with second-degree arson, assault with a deadly weapon, second-degree burglary, and carrying a concealed weapon. Pursuant to a plea agreement, defendant pled guilty on 7 April 2008 to second-degree arson and assault with a deadly weapon, and the State dismissed the remaining charges. The trial court consolidated defendant's convictions for sentencing under the Class G felony of second-degree burglary and entered its judgment that same day. The trial court determined defendant to have a prior record level IV, and sentenced defendant within the presumptive range to a term of twenty to twenty-four months imprisonment. From the judgment entered, defendant appeals. We affirm. Defendant's appellate counsel states that she "is unable to identify an issue with sufficient merit to support a meaningful argument for relief on appeal." Counsel further states, "both North Carolina and U[nited States] Supreme Court case law do not support the assignment of error originally identified in the Record on Appeal and that it would be frivolous to advance any type of legal arguments in support of this assignment." Therefore, counsel requests this Court to "conduct a full examination of the Record on Appeal for any possible error(s) and to determine whether any justifiable issue has been overlooked by counsel on behalf of the defendant."
In accordance with the holdings of Anders v. California, 386 U.S. 738, 18 L. Ed. 2d 493, reh'g denied, 388 U.S. 924, 18 L. Ed. 2d 1377 (1967), and State v. Kinch, 314 N.C. 99, 331 S.E.2d 665 (1985), counsel wrote a letter to defendant on 30 September 2008, advising defendant of counsel's inability to find error, of counsel's request for this Court to conduct an independent review of the record, and of defendant's right to file his own arguments directly with this Court. Counsel followed up with defendant by letter on 3 October 2008 and 3 November 2008, forwarding him copies of the briefs filed on his behalf and by the State. Defendant has not filed his own written arguments. We hold that defendant's counsel has complied fully with the holdings in Anders and Kinch. Accordingly, we must "review the record [fully] for any prejudicial error." Kinch, 314 N.C. at 102, 331 S.E.2d at 666. When a defendant enters a guilty plea in superior court, the defendant's appeal is limited to the following issues: (1) when the minimum term of imprisonment does not fall within the presumptive range, whether the sentenced imposed is supported by the evidence; (2) whether the sentence imposed results from an incorrect finding of the defendant's prior record level under North Carolina General Statutes, section 15A-1340.14 or the defendant's prior conviction level under section 15A-1340.21; (3) whether the sentence imposed constitutes a type of sentence, disposition, or term of imprisonment for a duration not authorized by section 15A-1340.17 or by section 15A-1340.23 for the defendant's class of offense and prior record or conviction level; (4) whether the trial court properly denied the defendant's motion to suppress pursuant to section 15A-979(b); and (5) whether the trial court improperly denied the defendant's motion to withdraw his guilty plea. N.C. Gen. Stat. § 15A-1444 (2007); State v. Jamerson, 161 N.C. App. 527, 588 S.E.2d 545 (2003).
In the case sub judice, defendant was sentenced in the presumptive range for his conviction and prior record level. In addition, we discern no error in (1) the determination of defendant's prior record level, (2) the charge instruments, or (3) the acceptance of defendant's guilty plea. Accordingly, upon review of the entire record and of the assignment of error noted in the record, we affirm defendant's judgment and commitment pursuant to North Carolina General Statutes, section 15A-1444.
Affirmed.
Judges McGEE and Robert C. Hunter concur.
Report per Rule 30(e).