STATE OF NORTH CAROLINA
v.
DEVON ROSHAWN GAMBLE
No. COA09-113
Court of Appeals of North Carolina.
Filed: July 7, 2009
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Robert D. Croom, for the State.
Appellate Defender Staples Hughes, by Assistant Appellate Defender Emily H. Davis, for defendant-appellant.
MARTIN, Chief Judge.
Defendant appeals from judgment entered upon his guilty plea to misdemeanor larceny. For the following reasons, we find no error.
Defendant was charged with common law robbery and conspiracy to commit common law robbery. Prior to trial, defendant filed a motion to suppress evidence seized after an unlawful traffic stop. After the trial court denied the motion to suppress, defendant pled guilty to misdemeanor larceny. The trial court sentenced defendant to forty-five days in the custody of the Forsyth Sheriff, suspended the sentence, and placed defendant on unsupervised probation for twenty-four months. Defendant appeals.
On appeal, defendant's appellate counsel states that she is unable to identify an issue with sufficient merit to support a meaningful argument for relief on appeal and asks this Court to review the record for possible prejudicial error. Counsel has shown to the satisfaction of this Court that the defendant has complied with the requirements of Anders v. California, 386 U.S. 738, 18 L. Ed. 2d 493, reh'g denied, 388 U.S. 924, 18 L. Ed. 2d 1377 (1967), and State v. Kinch, 314 N.C. 99, 331 S.E.2d 665 (1985). By letter dated 5 March 2009, defendant's counsel advised defendant of his right to file written arguments with this Court and provided him with the necessary documents to do so. Defendant has not filed any written arguments on his own behalf with this Court, and a reasonable time in which he could have done so has passed.
Because defendant pled guilty, the issues he may appeal are limited by N.C.G.S. § 15A-1444 (2007) to the following: (1) whether a sentence with a minimum duration that falls outside of the statutory presumptive range is supported by the evidence; (2) whether the sentence results from an incorrect finding of defendant's prior record level under N.C.G.S. § 15A-1340.14 (2007) or defendant's prior conviction level under N.C.G.S. § 15A-1340.21 (2007); (3) whether the sentence is of a type or duration not authorized by N.C.G.S. § 15A-1340.17 (2007) or N.C.G.S. § 15A-1340.23 (2007) for defendant's class of offense and prior record or conviction level; (4) whether the trial court improperly denied defendant's motion to suppress; and (5) whether the trial court improperly denied defendant's motion to withdraw his guilty plea. State v. Jamerson, 161 N.C. App. 527, 528-29, 588 S.E.2d 545, 546-47 (2003).
After careful review of the record, we find no prejudicial error in defendant's judgment and commitment pursuant to N.C.G.S. § 15A-1444 (2007). Counsel mentions that the trial court may have erred in denying defendant's motion to suppress. However, as counsel concedes, there is nothing to indicate that defendant gave the required notice to the State and the trial court of his intent to appeal the denial of his suppression motion prior to entry of his guilty plea. See N.C. Gen. Stat. § 15A-979(b)(2007); State v. McBride, 120 N.C. App. 623, 625, 463 S.E.2d 403, 404 (1995), aff'd, 344 N.C. 623, 476 S.E.2d 106 (1996) ("[A] defendant bears the burden of notifying the state and the trial court during plea negotiations of the intention to appeal the denial of a motion to suppress, or the right to do so is waived after a plea of guilty."). Therefore, defendant waived his right to appellate review of the denial of his motion to suppress.
In the alternative, defendant filed a petition for writ of certiorari seeking review of the trial court's denial of his motion to suppress. Pursuant to N.C.R. App. P. 21(a)(1) (2009), this Court is limited to issuing a writ of certiorari:
in appropriate circumstances . . . to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action, or when no right of appeal from an interlocutory order exists, or for review pursuant to G.S. 15A-1422(c)(3) of an order of the trial court denying a motion for appropriate relief.
Id. Contrary to defendant's assertion, defendant has not lost his right to appeal the denial of his motion by failing to take timely action. Rather, defendant failed to preserve the issue for appeal by not giving notice of his intent to appeal before entering a plea of guilty. Because defendant has not failed to take timely action, is not appealing from an interlocutory order, and is not seeking review pursuant to N.C.G.S. § 15A-1422(c)(3), we are without authority to issue a writ of certiorari. See Jamerson, 161 N.C. App. at 529, 588 S.E.2d at 547; State v. Dickson, 151 N.C. App. 136, 137-38, 564 S.E.2d 640, 640 (2002).
In sum, we deny defendant's petition for writ of certiorari. Further, in accordance with Anders, we have conducted our own examination of the record for possible prejudicial error under N.C.G.S. § 15A-1444 and have found none.
No error.
Judges BRYANT and ELMORE concur.
Report per Rule 30(e).