STATE OF NORTH CAROLINA,
v.
KYLE TYWON ROYSTER.
No. COA09-1111.
Court of Appeals of North Carolina.
Filed: April 6, 2010.
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Daniel P. O'Brien, for the State.
Guy J. Loranger for defendant-appellant.
ROBERT N. HUNTER, Jr., Judge.
Defendant pled guilty pursuant to North Carolina v. Alford, 400 U.S. 25, 27 L. Ed. 2d 162 (1970) to attempted first-degree murder and assault with a deadly weapon with intent to kill inflicting serious injury. The court consolidated the offenses for judgment and entered judgment on 14 April 2009 imposing a mitigated sentence of a minimum of 100 months and a maximum of 129 months. As factors in mitigation, the court found that (1) defendant has entered or successfully completed a drug or alcohol treatment program; and (2) defendant has a support system in the community. Defendant subsequently filed written notice of appeal on 20 April 2009.
Defendant's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738, 18 L. Ed. 2d 493 (1967) and State v. Kinch, 314 N.C. 99, 331 S.E.2d 665 (1985). Counsel states that "[a]fter close, repeated examination of the transcript, record and relevant law, counsel has been unable to identify any non-frivolous issue that could be raised in this appeal." Counsel requests this Court to review the record "to determine whether any justiciable, non-frivolous issue has been overlooked by counsel that would merit an argument that prejudicial error occurred in Mr. Royster's case."
Counsel has attached to the brief a copy of a letter he wrote on 6 October 2009 to defendant advising defendant of counsel's inability to find error and of defendant's right to file his own written arguments directly with this Court. Defendant has not filed his own written arguments.
The State has filed a motion to dismiss the appeal on the ground that defendant does not have a right of appeal because he pled guilty and his sentence is less than the presumptive term. That motion has been referred to this panel for decision. Given that defendant has filed an Anders brief, thereby asking this Court to review the record for any possible appealable issue, we deny the State's motion to dismiss.
Where a defendant pleads guilty at trial, his appeal is limited to only the following:
1. Whether the sentence "is supported by the evidence." This issue is appealable only if his minimum term of imprisonment does not fall within the presumptive range.
2. Whether the sentence "[r]esults from an incorrect finding of the defendant's prior record level . . . or conviction level."
3. Whether the sentence "[c]ontains a type of sentence disposition that is not authorized by G.S. 15A-1340.17 or G.S. 15A-1340.23 for the defendant's class of offense and prior record or conviction level."
4. Whether the sentence "[c]ontains a term of imprisonment that is for a duration not authorized by G.S. 15A-1340.17 or G.S. 15A-1340.23 for the defendant's class of offense and prior record or conviction level."
5. Whether the trial court improperly denied defendant's motion to suppress.
6. Whether the trial court improperly denied defendant's motion to withdraw his guilty plea.
State v. Jamerson, 161 N.C. App. 527, 528-29, 588 S.E.2d 545, 546-47 (2003) (citations omitted); see N.C. Gen. Stat. § 15A-1444 (2009).
Here, defendant did not plead guilty after the court denied a motion to suppress evidence, and he did not make a motion at trial to withdraw his plea. Therefore, our review is limited to items one through four listed above.
The sentence imposed by the court is supported by the evidence presented at trial and the sentencing hearing. Defendant stipulated that he had no prior record level points, thus the court properly found that defendant's prior record level is level I. See N.C. Gen. Stat. § 15A-1340.14(c) (2009). First-degree murder is classified as a Class A felony. N.C. Gen. Stat. § 14-17 (2009). An attempt to commit a Class A felony is a Class B2 felony. N.C. Gen. Stat. § 14-2.5 (2009). The presumptive range of minimum terms for a Class B2 felony at prior record level I is 125-157 months and the mitigated range is 94-125 months. N.C. Gen. Stat. § 15A1-340.17 (2009). Only an active sentence of imprisonment is authorized for a Class B2 felony. Id. The sentence imposed by the court, 100-129 months, falls squarely within the mitigated range of minimum sentences as authorized by the foregoing cited statutes.
After reviewing the entire record, we conclude that defendant's appeal fails to present any justiciable, non-frivolous issues. Thus, we find no error in defendant's judgment and commitment under N.C.G.S. § 15A-1444.
No error.
Judges McGEE and GEER concur.
Report per Rule 30(e).