ZACHARY, Judge.
 

 *660
 
 Where unchallenged findings of fact supported the trial court's conclusions of law, the trial court did not err in denying defendant's motion to suppress. Where defendant pleaded guilty, defendant does not have a right of appeal from the trial court's denial of his motion to dismiss. Where defendant has not alleged an untimely appeal, an interlocutory appeal, or review of a motion for appropriate relief, this Court may not issue a writ of
 
 certiorari.
 

 I. Factual and Procedural Background
 

 On 22 June 2011, Officer Anthony Watkins of the Charlotte Mecklenburg Police Department observed Thomas Scott Miller
 
 *661
 
 (defendant) driving south on Park Road. Officer Watkins witnessed defendant hit the center median with his vehicle, fail to stop at a red light at an intersection, and travel 50 mph in a 35 mph zone. Officer Watkins made a U-turn to pursue defendant. While Officer Watkins was in pursuit of defendant, but before a traffic stop was commenced, defendant neglected to stop at a second red light.
 
 *339
 
 After this additional failure to stop, Officer Watkins activated his blue lights and initiated a traffic stop.
 

 Officer Watkins found defendant in the driver's seat, and requested his license and registration. Upon detecting a strong odor of alcohol on defendant's breath, and noticing that defendant had red, glassy eyes, Officer Watkins asked defendant to exit the car and perform a series of field sobriety tests, as well as two roadside preliminary breath tests. Defendant admitted to consuming alcohol. Officer Watkins then arrested defendant for impaired driving.
 

 Defendant telephoned his mother to come and observe the intoxilizer test at the station, but she did not arrive within the requisite period of time and thus could not observe the test. Defendant was placed on $2,500 secured bond.
 

 Defendant was charged with driving while impaired. On 16 April 2014, defendant moved to suppress all evidence resulting from his arrest, alleging that it was an unconstitutional seizure. That same day, defendant moved to dismiss the charge, contending that he was denied his right to communicate with counsel and friends and to have them observe him. Defendant filed an amended motion to dismiss on 30 July 2014. On 13 August 2014, the trial court denied these motions. On 13 October 2014, defendant pleaded guilty to driving while impaired, and preserved his right to appeal the denial of his motions.
 

 From the denial of his motions, defendant appeals.
 

 II. Motion to Suppress
 

 In his first argument, defendant contends that the trial court erred in denying his motion to suppress all evidence resulting from his arrest. We disagree.
 

 A. Standard of Review
 

 Appellate review of a trial court's denial of a motion to suppress is "strictly limited to determining whether the trial judge's underlying findings of fact are supported by competent evidence, in which event they are conclusively binding on appeal, and whether those factual findings in turn support the judge's ultimate conclusions of law."
 

 *662
 

 State v. Cooke,
 

 306 N.C. 132
 
 , 134,
 
 291 S.E.2d 618
 
 , 619 (1982). "The trial court's conclusions of law ... are fully reviewable on appeal."
 
 State v. Hughes,
 

 353 N.C. 200
 
 , 208,
 
 539 S.E.2d 625
 
 , 631 (2000).
 

 B. Analysis
 

 At trial, the State elicited testimony from Officer Watkins concerning the events of the date in question. After direct, cross, and redirect examination of Officer Watkins, the State rested its case. Defendant then moved to suppress the evidence, alleging that the stop was an unlawful seizure without probable cause or reasonable suspicion.
 

 On appeal from the trial court's order denying defendant's motion to suppress, defendant contends that the trial court "made numerous Findings of Facts [sic] which were not supported by competent evidence." Specifically, defendant challenges the trial court's Findings of Fact numbers 3, 4, 8, 18, and 21. Defendant does not dispute any other of the trial court's findings. In its order, the trial court made the following Findings of Fact, among others, that are not contested by defendant on appeal:
 

 5. While in pursuit, but before a traffic stop was initiated, the Defendant failed to stop at a red light at Park Road and Seneca Place.
 

 ...
 

 9. After smelling a strong odor of alcohol, the officer asked the Defendant to exit his vehicle to determine the origin of the odor of alcohol.
 

 10. The officer determined that the odor of alcohol was coming from the Defendant's breath, and saw that the Defendant had red glassy eyes.
 

 ...
 

 14. The Defendant exhibited 6 of 6 clues on the Horizontal Gaze Nystagmus Test.
 

 15. During the Walk and Turn test, the Defendant started too soon, stepped offline multiple times and held his arms up away from his body for balance throughout the test.
 

 *340
 
 16. During the One Leg Stand, the Defendant counted improperly, bent his leg, and did not follow the officer's directions.
 

 *663
 
 17. That the Defendant admitted to consuming "a beer" prior to driving and was coming from "Bankers," a local bar.
 

 ...
 

 19. The officer formed the opinion that the Defendant was appreciably impaired.
 

 "Where no exception is taken to a finding of fact by the trial court, the finding is presumed to be supported by competent evidence and is binding on appeal."
 
 State v. White,
 
 --- N.C.App. ----, ----,
 
 753 S.E.2d 698
 
 , 701 (citations and quotations omitted),
 
 cert. denied, review denied,
 

 367 N.C. 785
 
 ,
 
 766 S.E.2d 627
 
 (2014). Accordingly, these findings, unchallenged by defendant on appeal, are binding upon this Court.
 

 Even assuming
 
 arguendo
 
 that there was no evidence to support the challenged findings, we hold that these unchallenged findings are fully sufficient to support the trial court's conclusion that "[t]here was a reasonable and articulable suspicion to stop the Defendant and probable cause for his arrest." Our Supreme Court has previously held that where an officer witnessed a defendant's traffic violation, this personal observation created reasonable suspicion for a traffic stop.
 
 See
 

 State v. Styles,
 

 362 N.C. 412
 
 , 417,
 
 665 S.E.2d 438
 
 , 441 (2008). We have further held that the testimony of an officer regarding his observations of defendant, and the opinion derived therefrom, is sufficient evidence of defendant's impairment, provided that the opinion was not based solely on the odor of alcohol.
 
 See
 

 State v. Mark,
 

 154 N.C.App. 341
 
 , 346,
 
 571 S.E.2d 867
 
 , 871 (2002)
 
 aff'd per curiam,
 

 357 N.C. 242
 
 ,
 
 580 S.E.2d 693
 
 (2003). In the instant case, Officer Watkins personally watched defendant drive through a red light, creating reasonable suspicion to support a traffic stop. Upon stopping defendant's vehicle and administering field sobriety tests, Officer Watkins formed an opinion of defendant's sobriety, and testified to that effect. These facts were all found by the trial court, and are not challenged on appeal; they support the stop and arrest.
 

 This argument is without merit.
 

 III. Motion to Dismiss
 

 In his second argument, defendant contends that the trial court erred in denying his motion to dismiss. Because defendant pleaded guilty at trial, we are unable to review this argument, and dismiss it without prejudice to defendant's right to file a motion for appropriate relief with the trial court.
 

 *664
 

 A. Standard of Review
 

 It is well established that under North Carolina law "a defendant's right to appeal in a criminal proceeding is purely a creation of state statute. Furthermore, there is no federal constitutional right obligating courts to hear appeals in criminal proceedings."
 
 State v. Jamerson,
 

 161 N.C.App. 527
 
 , 528,
 
 588 S.E.2d 545
 
 , 546 (2003) (quoting
 
 State v. Pimental,
 

 153 N.C.App. 69
 
 , 72,
 
 568 S.E.2d 867
 
 , 869 (2002) ).
 

 Upon a guilty plea, the defendant's right of appeal is restricted to the following issues:
 

 1. Whether the sentence "is supported by the evidence." This issue is appealable only if his minimum term of imprisonment does not fall within the presumptive range. N.C. Gen.Stat. § 15A-1444(a1) (2001) ;
 

 2. Whether the sentence "[r]esults from an incorrect finding of the defendant's prior record level under G.S. 15A-1340.14 or the defendant's prior conviction level under G.S. 15A-1340.21." N.C. Gen.Stat. § 15A-1444(a2)(1) (2001) ;
 

 3. Whether the sentence "[c]ontains a type of sentence disposition that is not authorized by G.S. 15A-1340.17 or G.S. 15A-1340.23 for the defendant's class of offense and prior record or conviction level." N.C. Gen.Stat. § 15A-1444(a2)(2) (2001) ;
 

 4. Whether the sentence "[c]ontains a term of imprisonment that is for a duration not authorized by G.S. 15A-1340.17 or G.S. 15A-1340.23 for the defendant's class of offense and prior record or conviction level." N.C. Gen.Stat. § 15A-1444(a2)(3) (2001) ;
 

 5. Whether the trial court improperly denied defendant's motion to suppress. N.C. Gen.Stat. §§ 15A-979(b)(2001), 15A-1444(e) (2001) ;
 

 *341
 
 6. Whether the trial court improperly denied defendant's motion to withdraw his guilty plea. N.C. Gen.Stat. § 15A-1444(e).
 

 Id.
 
 at 528-29,
 
 588 S.E.2d at 546-47
 
 .
 

 If a defendant has no appeal as of right, a defendant may nevertheless petition this Court for review by writ of
 
 certiorari
 
 pursuant
 
 *665
 
 to the provisions of N.C. Gen.Stat. § 15A-1444(e). A petition for writ of
 
 certiorari
 
 may be granted where:
 

 (1) defendant lost his right to appeal by failing to take timely action; (2) the appeal is interlocutory; or (3) to review a trial court's denial of a motion for appropriate relief. N.C. R.App. P. 21(a)(1) (2003). In considering appellate Rule 21 and N.C. Gen.Stat. § 15A-1444, this Court has reasoned that since the appellate rules prevail over conflicting statutes, we are without authority to issue a writ of certiorari except as provided in Rule 21.
 
 State v. Nance,
 

 155 N.C.App. 773
 
 ,
 
 574 S.E.2d 692
 
 (2003) ;
 
 Pimental,
 

 153 N.C.App. at 73-74
 
 ,
 
 568 S.E.2d at
 
 870 ;
 
 State v. Dickson,
 

 151 N.C.App. 136
 
 ,
 
 564 S.E.2d 640
 
 (2002).
 

 Id.
 
 at 529,
 
 588 S.E.2d at 547
 
 .
 

 B. Analysis
 

 After the State rested its case, defendant moved to dismiss the charge, alleging that he was denied his constitutional right to communicate with counsel and friends and gather evidence on his behalf by allowing friends or family to observe him and form opinions as to his condition at the time. On appeal, defendant contends that the trial court lacked an evidentiary basis for several of its findings and that the denial of his right to gather evidence resulted in substantial prejudice to him.
 

 In that defendant pleaded guilty, his right of appeal is limited by statute. As defendant's motion to dismiss does not fall within any of the six categories listed in N.C. Gen.Stat. § 15A-1444 and quoted above, defendant does not have an appeal as of right from the trial court's denial of defendant's motion.
 

 Furthermore, there are no grounds for
 
 certiorari
 
 to issue. Because defendant does not allege a lack of timely action, the appeal is not interlocutory, and the appeal does not concern a denial of a motion for appropriate relief, as required by Appellate Rule 21 and N.C. Gen.Stat. § 15A-1444, this Court is unable to issue a writ of
 
 certiorari.
 
 As such, we are unable to hear this argument, and must dismiss it.
 

 Although we dismiss this argument, we do so without prejudice to defendant's pursuit of a motion for appropriate relief, pursuant to N.C. Gen.Stat. § 15A-1411
 
 et seq.
 

 ,
 
 before the trial court.
 

 AFFIRMED IN PART, DISMISSED IN PART.
 

 Judges STEPHENS and McCULLOUGH concur.