TYSON, Judge.
Clarence Casey Chester ("Defendant") appeals from the trial court's judgment entered upon his guilty plea to possession of methamphetamine. We affirm.
I. Background
A grand jury indicted defendant on charges of possession of methamphetamine, possession of drug paraphernalia, and misdemeanor possession of marijuana on 6 March 2017. Defendant filed a motion to suppress statements made by him while law enforcement officers searched a vehicle in which he was a passenger. Defendant asserted the statements were obtained by the officers while he was detained and not free to leave and prior to him being advised of his Miranda rights.
At Defendant's suppression hearing on 5 February 2018, the State called Caldwell County Sheriff's Sgt. Bennett Grout and Deputy Steven Moody to testify. The officers' testimonies tended to show that on 2 August 2014, the officers initiated a traffic stop of a vehicle on suspicion of driving while impaired after observing the vehicle cross the center line approximately four times within a quarter of a mile distance and run through a stop sign. When the officers approached the vehicle, Sgt. Grout observed Defendant seated in the backseat of the vehicle and noted that Defendant appeared to be nervous in that he was shaking and not making eye contact. A second passenger was sitting in the front passenger seat of the vehicle.
The driver gave the officers consent to search the vehicle. Sgt. Grout testified that they removed each person from the vehicle one at a time and also "gained consent from each one of them." During the search of the vehicle, Sgt. Grout observed a "blue grinder commonly used to grind up marijuana" in plain view on the backseat with "green vegetable matter [he] believed to be marijuana inside of it." Sgt. Grout asked Defendant if there was anything else illegal in the vehicle. Defendant stated that there "was a little bit of marijuana in a piece of paper underneath one of the seats." Sgt. Grout obtained the marijuana from underneath one of the front seats by where Defendant's feet had been located.
During his search of the vehicle, Deputy Moody also collected a small metal container attached to a key chain from the backseat that contained one pill and a little baggie of "some crystal substance." Defendant admitted the key chain and container belonged to him, that the pill inside was Vicodin, and that the crystal substance was methamphetamine. Deputy Moody also found a black container with a metal smoking pipe inside of it in the floorboard of the backseat of the vehicle. Defendant was placed under arrest for possession of the drugs and drug paraphernalia.
Defendant did not testify at the suppression hearing. At the close of the evidence on the motion to suppress, the trial court denied the motion. Defendant thereafter pled guilty to possession of methamphetamine pursuant to a plea agreement, and the State dismissed the remaining two charges. Defendant preserved his right to appeal the denial of his motion to suppress. In accordance with the plea agreement, the trial court sentenced Defendant to a term of three to thirteen months of imprisonment, suspended the sentence, and placed Defendant on twenty-four months of supervised probation. The trial court's judgment ordered Defendant to obtain a substance abuse assessment within thirty days and to complete any recommended treatment. The judgment indicated Defendant would be allowed to transfer to unsupervised probation after one year if he completed recommended substance abuse treatment. Defendant gave oral notice of appeal.
II. Jurisdiction
Jurisdiction lies with this Court pursuant to N.C. Gen. Stat. §§ 7A-27(b)(4), 15A-1444(e), and 15A-979(b) (2017).
III. Anders Brief
Counsel appointed to represent Defendant on appeal has been unable to identify any issue with sufficient merit to support a meaningful argument for relief on appeal and asks that this Court conduct its own review of the record for possible prejudicial error. Counsel has shown to the satisfaction of this Court that counsel has complied with the requirements of Anders v. California , 386 U.S. 738, 18 L.Ed. 2d 493 (1967), and State v. Kinch , 314 N.C. 99, 331 S.E.2d 665 (1985), by advising Defendant of his right to file written arguments with this Court and providing him with the documents necessary to do so. Defendant has not filed any documents on his own behalf with this Court and a reasonable time for him to do so has expired.
IV. Analysis
When a defendant enters a guilty plea in superior court, the defendant's appeal is limited to the following five issues: (1) whether the sentence imposed is supported by the evidence (if the minimum term of imprisonment does not fall within the presumptive range); (2) whether the sentence imposed results from an incorrect finding of the defendant's prior record level under N.C. Gen. Stat. § 15A-1340.14 or the defendant's prior conviction level under N.C. Gen. Stat. § 15A-1340.21 ; (3) whether the sentence imposed constitutes a type of sentence not authorized by N.C. Gen. Stat. § 15A-1340.17 or N.C. Gen. Stat. § 15A-1340.23 for the defendant's class of offense and prior record or conviction level; (4) whether the trial court properly denied the defendant's motion to suppress pursuant to N.C. Gen. Stat. § 15A-979(b) ; and (5) whether the trial court improperly denied the defendant's motion to withdraw his guilty plea. N.C. Gen. Stat. § 15A-1444(e) (2017) ; State v. Jamerson, 161 N.C. App. 527, 528-29, 588 S.E.2d 545, 546-47 (2003).
Pursuant to Anders and Kinch, we examine the record for possible prejudicial error under N.C. Gen. Stat. § 15A-1444. Counsel has specifically directed our attention to issues regarding the denial of Defendant's motion to suppress and Defendant's sentence. After review of the record, we find no error in the trial court's decision to deny the motion to suppress. Defendant was found to have zero prior record level points. The sentence imposed falls within the mitigated range for a prior record level I offender convicted of a class I felony. See N.C. Gen. Stat. § 15A-1340.17(c), (d) (2017).
V. Conclusion
We find no prejudicial error in Defendant's judgment and commitment pursuant to N.C. Gen. Stat. § 15A-1444. The trial court's judgment is affirmed. It is so ordered .
AFFIRMED.
Report per Rule 30(e).
Judges BRYANT and ARROWOOD concur.